```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

                -against-                                    23-cr-419 (LAK)

RICHARD ZEITLIN,

                Defendant.
------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-21-2023

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE PRETRIAL DETENTION ORDER

LEWIS A. KAPLAN, *District Judge.*

  Defendant Richard Zeitlin moves pursuant to 18 U.S.C. § 3145(b) to revoke the order of a magistrate judge in the District of Nevada, where the defendant was arrested, requiring him to be detained pending trial.

  Mr. Zeitlin is charged with conspiracy to engage in, and substantive counts of, telemarketing wire fraud and obstruction of justice. The charges "stem from [the defendant's] operation of a call center business (the 'Zeitlin Call Centers') that made telemarketing calls soliciting donations . . . on behalf of certain political action committees ('PACs')."[1] The government alleges that Mr. Zeitlin "misrepresented to donors how their money would be spent and the nature of the organization seeking the donation" and "directed his employees to delete evidence of the fraud."[2] The Court heard Mr. Zeitlin's motion on September 14, 2023. Upon *de novo* review, for the reasons

---

[1]  Dkt 15 (Govt. Opp. Mem.) at 2.

[2]  *Id.*

set forth below, the magistrate judge's decision is affirmed.

The government argues that Mr. Zeitlin should be detained pending trial because he presents a serious risk of flight and a serious risk of danger to the community. With respect to his risk of flight, it contends principally that Mr. Zeitlin has substantial assets and significant ties to foreign countries. His assets include, according to the government, access to "hundreds of millions of dollars" raised by his telemarketing business, his ownership of private and commercial real property, and "a web of entities and bank accounts" he allegedly has created "through which he [allegedly] operates his telemarketing business and holds and transfers his assets."[3] In addition, Mr. Zeitlin allegedly owns a 50 percent interest in a "private luxury aircraft," an asset that he failed to disclose to pretrial services after his arrest.[4] His ties to foreign countries include his application for, and the conditional grant to him of, Israeli citizenship, properties in Mexico that he purchased with his wife that they agreed to liquidate pursuant to their divorce, call centers located overseas, and

---

[3] *Id.* at 7.

According to the government, Mr. Zeitlin's "business continues to operate and he continues to have access to the business's funds." Hearing Tr. at 31:25-32:2.

[4] *Id.* at 8.

Mr. Zeitlin concedes that he "own[s] a fractional share of a private aircraft," but contends that "the plane is completely inoperable and has been for some time" because it "has been 'can[n]ibaliz[ed] for parts.'" Dkt 11 (Def. Mem.) at 6 (third alteration in original). At oral argument, his counsel stated that when Mr. Zeitlin attempted to sell his 50 percent ownership interest in the plane in March 2023 for approximately $650,000, he did not know that the other owners of the plane had started to cannibalize it. Hearing Tr. at 45:11-12. In any event, regardless of the plane's current state of condition or Mr. Zeitlin's awareness of its condition, the fact that Mr. Zeitlin has familiarity and experience with flying privately supports a determination that he presents a risk of flight.

3

previous efforts by Mr. Zeitlin to renounce his United States citizenship.[5] The government argues also that Mr. Zeitlin has a "history of deception and lies" – including his failure to disclose his ownership interest in the plane – that demonstrate that he cannot be trusted to abide by any set of conditions short of detention.[6]

Mr. Zeitlin's arguments to the contrary are unpersuasive. Even accepting, for the sake of argument, that Mr. Zeitlin does not have immediate access to all of the sources of funds the government alleges, at a minimum, he has or can obtain access to sufficient funds that would assist him in fleeing. Indeed, Mr. Zeitlin's counsel stated during oral argument that "there aren't millions of dollars laying around that we can access. *We do have cash and funds*, and we offered that in our motion for bail."[7] With respect to the Mexican properties that Mr. Zeitlin and his wife have agreed to liquidate and split equally pursuant to their divorce, although Mr. Zeitlin has stated that the funds will be frozen in his lawyer's trust account "until the family court issues an order of disposition,"

---

[5] Dkt 15 (Govt. Opp. Mem.) at 7; Dkt 11 (Def. Mem.) at 8.

[6] Dkt 15 (Govt. Opp. Mem.) at 8.

With respect to Mr. Zeitlin's risk of danger to the community, the government emphasizes his alleged obstruction of justice. It argues that Mr. Zeitlin "misled at least three federal courts, including by lying twice under penalty of perjury in federal proceedings in efforts to conceal and obfuscate his underlying massive fraud against donors[,]" has "ask[ed] subordinates to delete records[,]" and has a history of using encrypted messaging applications such as Signal. Dkt 15 (Govt. Opp. Mem.) at 8. Whether Mr. Zeitlin misled courts and/or lied under penalty of perjury depends at least in part on the veracity of the charges contained in the indictment, charges that Mr. Zeitlin denies. Given that the Court determines that the government has met its burden of demonstrating that Mr. Zeitlin presents a serious risk of flight, it need not and does not now determine whether it also has met its burden of demonstrating that he presents a risk of danger to the community.

[7] Hearing Tr. at 20:23-25 (emphasis added).

4

it is unclear whether and under what circumstances Mr. Zeitlin would be able to access those funds.[8] As the Court stated during oral argument, "[p]resumably [Mr. Zeitlin] could do whatever he wanted with [the liquidation proceeds] to the extent the divorced spouse went along with it."[9] Mr. Zeitlin therefore has access to and/or the means to acquire sufficient funds to enable him to flee.

Moreover, Mr. Zeitlin has close ties with foreign countries. As noted, Mr. Zeitlin applied for Israeli citizenship and was provisionally accepted "[w]ithin the last month or two."[10] Even without an Israeli passport or visa, Israeli citizens can enter Israel by obtaining a travel document called a "laissez-passer" from any Israeli diplomatic mission located in the United States. He has vacationed in and purchased properties in Mexico with his wife, notwithstanding their impending divorce, and certain of his call centers are located overseas, in Guatemala and Panama. In addition, Mr. Zeitlin sent a series of emails in 2022 to consular offices requesting appointments to renounce his United States citizenship. Finally, as noted above, he has familiarity and experience with private aviation. In these circumstances, including although not limited to the facts that Mr. Zeitlin faces a potentially lengthy prison sentence, has the financial resources to flee, and has acquired conditional citizenship in Israel, the Court determines that no set of conditions will reasonably assure his appearance as required.

For the foregoing reasons, Mr. Zeitlin's motion for revocation of the magistrate judge's order (Dkt 10) is denied. He is ordered to remain detained pending trial. The magistrate judge's order is affirmed.

SO ORDERED.

Dated: September 21, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[8] Dkt 16-1 (Decl. of Daniel J. Treuden) at 2, ¶ 6.

[9] Hearing Tr. at 31:15-16.

[10] *Id.* at 26:20.

Mr. Zeitlin argues that "Israel has a robust extradition treaty with the United States." Dkt 11 (Def. Mem.) at 7. Even assuming that Mr. Zeitlin could be extradited, "the possibility that [he] will be able to successfully resist, or at least delay, extradition . . . incentivizes flight." *United States v. Maxwell*, 527 F. Supp. 3d 659, 666 (S.D.N.Y. 2021).