UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RICHARD ZEITLIN,

       Defendant.

**MEMO ENDORSED**

23-cr-419 (LAK)

### DEFENDANT'S NOTICE OF MOTION FOR AN ORDER PROHIBITING DISCLOSURE OF THE DEFENSE PRIVILEGE LIST AND <u>REQUIRING DISCLOSURE OF FILTER TEAM PROTOCOLS</u>

PLEASE TAKE NTOICE that, upon the accompanying Memorandum, Defendant Richard Zeitlin hereby moves through his counsel for an order prohibiting the government's filter team from disclosing a defense privilege list to the prosecution team in this case. Furthermore, Mr. Zeitlin hereby moves for an order requiring the government to provide additional specific information about the filter team's composition and protocols.

Dated: November 14, 2023.

                                                   **THE BERNHOFT LAW FIRM, S.C.**
                                                 Attorneys for Defendant Richard Zeitlin

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-27-2023

/s/ Robert G. Bernhoft
Robert G. Bernhoft, Esq.
Appearing *pro hac vice*
1402 E. Cesar Chavez Street
Austin, Texas 78702
Telephone: (512) 582-2100
Facsimile: (512) 373-3159
rgbernhoft@bernhoftlaw.com

Memorandum Endorsement                                         United States v. Zeitlin, 23-cr-0419 (LAK)

        The defendant is charged in connection with his operation of a call center business that, from at least in or about 2017 through 2020, allegedly made misrepresentations to donors via telemarketing calls that sought donations on behalf of certain political action committees. He is also charged for directing employees to delete evidence of his fraud. Specifically, the defendant is charged with: (1) conspiracy to commit telemarketing wire fraud, (2) telemarketing wire fraud, (3) conspiracy to obstruct justice, and (4) obstruction of justice. On or about August 17, 2023, pursuant to judicially authorized search warrants, the FBI seized 29 electronic devices from the defendant's residence and business property in Las Vegas. On or about September 15, 2023, pursuant to a judicially authorized search warrant issued in this District, the FBI began its extraction of data from the devices. On or about October 31, 2023, and November 15, 2023, the government produced to the defendant data extractions from 26 of the devices, in addition to materials from two data review programs, Cellbrite and Axiom, for 25 of the devices. As is customary, at least in this District, the government is employing a team of lawyers and law enforcement personnel that is separate and apart from the team responsible for prosecuting the case (the former referred to as the "Filter Team" and the latter as the "Case Team") to identify potentially privileged materials on the devices and withhold those materials from the Case Team in an effort to protect any applicable privilege. The defendant has provided the government with a list of over 100 individuals—including attorneys and non-attorneys, such as accountants and advisors—with whom the defendant suggests he has had communications protected by attorney-client or some otherwise unidentified privilege (the "List"). Having done so, however, he now moves to (1) bar the government's Case Team from reviewing the List, and (2) compel the government to provide additional information about its process for filtering potentially privileged materials. The matter has been fully briefed and is ripe for decision.

        The motion is denied, substantially for the reasons advanced by the government (Dkt 31). The Court writes only to emphasize a few points.

        First, defendant has not cited any persuasive authority that supports his implicit claim that his rights would be violated by provision of the List to the Case Team. *See United States v. Avenatti*, 559 F. Supp.3d 274, 282 (S.D.N.Y. 2021). The List itself is not now (and it never was) privileged. Among other things, it is not an attorney-client or other protected communication and defendant voluntarily disclosed it to the government rather than holding it in confidence. And there is no basis in the Constitution for any such claim.

        Second, the defendant's assertion that provision of the List to the Case Team effectively would give the Case Team a "veto" over the actions of the Filter Team is unsubstantiated speculation.

        Third, a good deal of the information that the defendant seeks regarding the protocols that the Filter Team will employ already has been provided in the government's opposition. To that extent, that branch of the motion is moot. In any event, defendant has made no persuasive argument to require the government to produce the information he seeks regarding the Filter Team's process.

        Accordingly, as noted, defendant's motion is denied.

        SO ORDERED.

Dated:     November 25, 2023

                                                           Lewis A. Kaplan
                                                           United States District Judge