UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>RICHARD ZEITLIN,<br><br>       Defendant. | 23-cr-419 (LAK) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO EXTEND THE NOVEMBER 30, 2023 MOTIONS DEADLINE
FOR CERTAIN MOTIONS**

    Through undersigned counsel, Defendant Richard Zeitlin hereby submits the following memorandum in support of his motion. As discussed below, Mr. Zeitlin respectfully requests this Court extend the motions deadline, currently set for November 30, 2023, for all defense suppression motions except any that may challenge the facial sufficiency of the premises search warrants and affidavit from the District of Nevada. After consultation with counsel by email, the government opposes Mr. Zeitlin's motion.

i

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii
TABLE OF AUTHORITIES ......................................................................................................... iii
ARGUMENT .................................................................................................................................. 1
    I.     Search Warrants........................................................................................................ 1
    II.    Discovery Productions.............................................................................................. 2
    III.   Motions Deadline. ................................................................................................... 2
    IV.   Discussion................................................................................................................ 3
        A. Certain types of suppression challenges to search warrants and affidavits require review of discovery. ................................................................................................................. 3
        B. Here, Mr. Zeitlin may raise facial challenges that do not require extensive discovery review, but he also may raise other suppression challenges for which he requires additional time to review the government's discovery........................................................ 7
        C. Mr. Zeitlin requests an extended deadline for all suppression motions apart from his contemplated facial challenges to the premises warrants and affidavit from the District of Nevada. ......................................................................................................................... 9
CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Ayeni v. Mottola*, 35 F.3d 680 (2d Cir. 1994)..................................................................................6

*Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978) ...............................................................5

*United States v. Galante*, 547 F.2d 733 (2d Cir. 1976) ...................................................................4

*United States v. Galpin*, 720 F.3d 436 (2d Cir. 2013)......................................................................6

*United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016) ....................................................................5

*United States v. Lewis*, 62 F.4th 733 (2d Cir. 2023).........................................................................4

*United States v. Lustyik*, 57 F.Supp.3d 213 (S.D.N.Y. 2014) ..........................................................4

*United States v. Sandalo*, 70 F.4th 77 (2d Cir. 2023).......................................................................5

*United States v. Wey*, 256 F.Supp.3d 355 (S.D.N.Y. 2017) ............................................................4

*Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692 (1999)....................................................................6

**Statutes**

18 U.S.C. § 3105 ..............................................................................................................................6

**ARGUMENT**

I. **Search Warrants.**

1. In November of 2020, the government obtained search warrants in this District under the Stored Communications Act (SCA) for 35 email accounts, some of which belonged to Mr. Zeitlin. The government subsequently served these warrants on Google, Apple, and Microsoft, respectively.

2. In April of 2023, the government obtained search warrants in this District under the SCA for email and Skype accounts, some of which belonged to Mr. Zeitlin. The government subsequently served these warrants on Google and Microsoft, respectively.

3. In August of 2023, the government obtained combination SCA search warrants and pen-trap orders in this district seeking location information for two cellphones, one of which belonged to Mr. Zeitlin. The government subsequently served these combination warrants and orders on Verizon and AT&T, respectively.

4. Also in August of 2023, the government obtained premises search warrants in the District of Nevada to search Mr. Zeitlin's residence and a commercial premise associated with Mr. Zeitlin. The government executed these warrants in Las Vegas, Nevada on August 17, 2023, seizing 29 electronic devices and other material.

5. In September of 2023, the government obtained a warrant in this district to search the 29 electronic devices seized in Las Vegas. Although the government does not intend further review of certain devices, the contents of these devices are implicated in a pending privilege review, which is otherwise known to this Court. (Docs. 29-33.)

## II. Discovery Productions.

Pursuant to the aforementioned warrants, the government has produced electronically stored information (ESI) on a rolling basis. On October 31, 2023, the government produced "the full search warrant returns" from the 2020 SCA warrants for five accounts believed to be used by Mr. Zeitlin, comprising (in zipped format) about 48.7 Gigabytes of data. The government similarly produced full returns and responsive materials from the 2023 SCA warrants for three accounts believed to be used by Mr. Zeitlin, comprising (in zipped format) about 101 Gigabytes of data, along with responsive Skype data for additional accounts, comprising (in zipped format) about 548 Megabytes of data. The government also produced various "responsive" materials, comprising (in zipped format) about 53 Gigabytes of data. The defense received the government's October 31, 2023 productions – along with many other discovery materials – on two hard drives that arrived on November 2, 2023. All told, these two hard drives contained about 1.8 Terabytes of data.

Further discovery productions ensued. As pertinent here, in a production dated November 3, 2023, the government provided (among other things) certain responsive materials from the 2023 SCA warrants, comprising (in zipped format) about 417 Megabytes of data. On November 21, 2023, counsel for the government requested a flash drive with a capacity of at least 250 Gigabytes for materials responsive to the 2023 SCA warrant(s). As of filing, the defense has sent a flash drive but has not yet received it back with the government's production.

## III. Motions Deadline.

On September 14, 2023, the parties appeared before the Court to address Mr. Zeitlin's arraignment, pretrial detention, and other issues. Defense counsel proposed setting a motions deadline to challenge the sufficiency of the indictment, with discovery motions held in abeyance pending receipt and review of discovery. (Transcript, p. 12.) Counsel for the government did not

"object to setting a motion schedule now for all motions that don't require review of the discovery." (Transcript, p. 13). Responding to the government's position, this Court suggested such motions would include suppression motions directed at custodial statements and "motions claiming there was a lack of probable cause for search warrants," among others. *Id.*, p. 13. This Court "set a discovery cutoff applicable to everything except the contents of the electronic devices of October 31." *Id.* After checking with defense counsel, this Court further set a deadline of November 30, 2023, for "whatever motions . . . other than motions that depend upon the contents of the electronic devices that are produced." *Id.* This Court also scheduled deadlines for any oppositions and replies, with a hearing scheduled for argument or conference on January 4, 2024. *Id.*, p. 14.

IV.     Discussion.

    A.    **Certain types of suppression challenges to search warrants and affidavits require review of discovery.**

When government agents search and seize a defendant's property pursuant to warrants, the defendant may seek suppression on various theories. As pertinent here, potential suppression challenges may be divided into three categories based on the defendant's relative need to review government discovery productions before raising them: (1) facial challenges requiring relatively limited discovery review; (2) facial challenges requiring relatively extensive discovery review; and (3) factual challenges to a warrant's execution, or other challenges requiring the defendant to make factual showings, which may require relatively extensive discovery review.

Before raising any suppression challenge, a defendant must have a basic understanding of what the government seized. Such understanding is practically necessary, because a suppression challenge would be moot if government agents seized no evidence. It is also legally necessary, because a defendant must establish his own Fourth Amendment rights were implicated by the

3

search and seizure. *E.g.*, *United States v. Lewis*, 62 F.4th 733, 741 (2d Cir. 2023). In other words, the defendant may not assert another person's Fourth Amendment rights vicariously. *United States v. Galante*, 547 F.2d 733, 737 (2d Cir. 1976). Thus, a defendant must have a basic understanding of what the government seized before raising challenges in any of the three categories identified above and discussed below.

*First* are circumstances where evidence was seized in a search that obviously implicated the defendant's Fourth Amendment rights, *e.g.*, a search of his home. In such circumstances, a defendant may challenge the facial sufficiency of the warrant or affidavit without extensively reviewing the government's discovery.

(1) "All data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath." *United States v. Lustyik*, 57 F.Supp.3d 213, 224 (S.D.N.Y. 2014).

(2) A search warrant must satisfy the Fourth Amendment's particularity requirement by designating the crimes for which the affidavit establishes probable cause, describing the place to be searched, and specifying the items to be seized in relation to the designated crimes. *United States v. Wey*, 256 F.Supp.3d 355, 380 (S.D.N.Y. 2017).

(3) A search "warrant is overbroad if its description of the objects to be seized is broader than can be justified by the probable cause upon which the warrant is based." *Lustyik*, 57 F.Supp.3d at 228 (quotation marks and ellipsis omitted).

Assuming the defendant's Fourth Amendment rights were clearly implicated, the defendant may raise challenges to probable cause, particularity, or overbreadth without extensively reviewing any discovery material between the search warrant(s) and affidavit(s) associated with the seizures.

*Second* are circumstances where it is unclear whether or to what extent evidence implicating the defendant's Fourth Amendment rights was seized in a search. In such circumstances, before raising any facial challenge to a warrant or affidavit, a defendant would need to review the government's discovery to determine whether any such challenge would be justiciable. For example, suppose a government discovery production were to include numerous seized emails from various accounts, including third-party accounts. The defendant could challenge the seizure of email from his own accounts, but if any such email were to exist in duplicate within the third-party accounts, the defendant could not challenge its seizure from those accounts. Before raising facial suppression challenges that might be legally or practically moot, the defendant would need to review the government's discovery production to assess <u>what</u> the government seized and from <u>where</u>.

*Third* are factual challenges to a warrant's execution or other challenges requiring the defendant to make factual showings. Such challenges may require a defendant to review the government's discovery productions extensively.

(1) On its face, an affidavit may appear to establish probable cause for a search warrant. However, under the rubric of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978), an affidavit is deemed insufficient if the affiant knowingly or recklessly omitted material information or included false material information. *United States v. Sandalo*, 70 F.4th 77, 85 (2d Cir. 2023). But a defendant must make a "substantial preliminary showing" before he is entitled to a *Franks* hearing. *Sandalo*, 70 F.4th at 85.

(2) Even if a search warrant is facially valid, "the reasonableness of government conduct in executing a valid warrant[ ] can present Fourth Amendment issues." *United States v. Ganias*, 824 F.3d 199, 209-10 (2d Cir. 2016). For instance, under a premises search

5

warrant, government agents act unreasonably if they search areas that could not possibly contain responsive items. Also, under 18 U.S.C. § 3105, an authorized officer must be present during the execution of a search warrant. Failure to comply with this requirement may render the warrant's execution unreasonable. *See Ayeni v. Mottola*, 35 F.3d 680, 687 (2d Cir. 1994), *abrogated on other grounds by Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692 (1999).

(3) In the context of ESI, other challenges to the reasonableness of a warrant's execution may exist. As the Second Circuit has recognized, "[t]he potential for privacy violations occasioned by an unbridled, exploratory search of a hard drive is enormous." *United States v. Galpin*, 720 F.3d 436, 447 (2d Cir. 2013). "[T]he seizure and retention of computer hard drives or mirrored copies of those drives implicate [privacy interests] and raise significant Fourth Amendment questions." *Ganias*, 824 F.3d at 218 n.38. The same is true for searches of seized email or social media accounts.

For any such challenge, a defendant may not simply rely on the face of the search warrant and its associated affidavit.

Instead, a defendant raising *Franks* challenges or challenging a warrant's execution must review the government's discovery productions beforehand and perhaps seek additional disclosures from the government. For instance, a *Franks* challenge may require extensive prior review of government discovery to identify facts that are materially inconsistent with those alleged in an affidavit. An unreasonable-execution challenge may require review of government discovery to determine how a warrant was executed, what was seized and from where, and whether the government retained unseized material. In the ESI context, this might include seeking additional disclosures to indicate whether a warrant's execution violated 18 U.S.C. § 3105, *i.e.*, because

6

government personnel searched and seized a defendant's ESI outside the presence of authorized officers. Additional disclosures also might be necessary to indicate whether government personnel improperly reviewed a defendant's ESI for non-investigatory reasons beyond the scope of a warrant. (The quintessential example would be government personnel repeatedly and unnecessarily reviewing sexually explicit content from seized accounts or devices.)

> **B.** **Here, Mr. Zeitlin may raise facial challenges that do not require extensive discovery review, but he also may raise other suppression challenges for which he requires additional time to review the government's discovery.**

Here, Mr. Zeitlin may seek to suppress evidence seized under search warrants in this case on various theories. Mr. Zeitlin's potential suppression challenges fall into all three categories discussed above.

*First*, the defense intends to file a motion to suppress evidence seized under the District of Nevada premises warrants, which would include the electronic devices subject to the privilege review. For this motion, the defense does not seek any extension of the November 30, 2023 motions deadline. Admittedly, it might be reasonable to wait and resolve any suppression issues (including facial challenges) after the government completes its privilege review and any seizures of responsive material from the devices. However, the defense intends to challenge the facial validity of the Nevada warrants and underlying affidavit, which it may do without waiting for the government to search the electronic devices themselves. If any such challenge were successful, it might obviate the need for the privilege review or subsequent searches in whole or in part. Accordingly, it makes sense to resolve facial challenges to the Nevada warrants sooner rather than later, and the defense proposes to file such challenges on or before November 30, 2023.

*Second*, Mr. Zeitlin may raise facial challenges to the SCA warrants and affidavits. But unlike his intended facial challenges to the premises warrants, any facial challenges to the SCA

7

warrants would materially benefit from review of the government's discovery beforehand. In the first place, as noted above, the government apparently obtained voluminous material in response to the SCA warrants. But Mr. Zeitlin does not know how much of the material may constitute relevant or prejudicial evidence in this case. Moreover, for any relevant evidence, Mr. Zeitlin does not know whether it existed only in his accounts or whether the government obtained it independently from third-party accounts. Mr. Zeitlin will need to review the government's discovery productions to determine these answers. And ultimately, depending on what the government seized and whether Mr. Zeitlin would have "standing" to seek suppression, Mr. Zeitlin might eschew facial challenges to the SCA warrants and affidavits altogether.

Similarly, for instance, the defense might determine an SCA warrant is facially overbroad, *i.e.*, because it authorized the agents to seize material for which the affidavit did not establish probable cause. However, if over-seizure did not actually result, the warrant's facial deficiency might be immaterial. And Mr. Zeitlin would not know whether over-seizure resulted before reviewing the pertinent discovery production. Once again, the opportunity to review the government's discovery productions might cause Mr. Zeitlin to refrain from raising a facial challenge in the first instance.

*Third*, Mr. Zeitlin might raise unreasonable-execution challenges to the SCA warrants or the Nevada premises warrants, or he might raise challenges pursuant to *Franks v. Delaware* (if appropriate). Any such challenge would require Mr. Zeitlin to review pertinent discovery material beforehand. And given the volume of discovery and the timing of the government's productions discussed above, the defense could not reasonably have accomplished the necessary review and analysis before November 30, 2023.

Unlike the Nevada premises warrants, where it makes sense to resolve facial challenges separately because the government has not yet finished searching the electronic devices, it would make little sense to litigate Mr. Zeitlin's challenges to the SCA warrants piecemeal. In other words, it would make little sense to litigate facial challenges to the SCA warrants at the outset, then separately litigate unreasonable-execution or *Franks* challenges after the defense has had an adequate opportunity to review discovery. As explained above, after reviewing the government's discovery productions, Mr. Zeitlin might eschew potential facial challenges to the SCA warrants entirely or in part. Therefore, requiring him to file any such challenge by November 30, 2023 would risk wasting the parties' and the Court's time with unnecessary litigation.

**C.    Mr. Zeitlin requests an extended deadline for all suppression motions apart from his contemplated facial challenges to the premises warrants and affidavit from the District of Nevada.**

Although this Court established a deadline of November 30, 2023 for all suppression motions except those related to the contents of electronic devices, extending that deadline would be consistent with the discussions that occurred at the hearing on September 14, 2023. Specifically, this Court's colloquy with counsel for the government suggests this Court contemplated a deadline only for motions that "don't require review of the discovery." (Transcript, p. 13.)

Here, as discussed above, Mr. Zeitlin's intended facial challenges to the District of Nevada warrants clearly satisfy that standard, so he intends to file an appurtenant motion on or before November 30. Admittedly, Mr. Zeitlin also could file purely facial challenges to the SCA warrants without reviewing the government's discovery. However, as discussed above, this would risk unnecessary litigation. Furthermore, as discussed above, Mr. Zeitlin also might raise unreasonable-execution or *Franks* challenges to the various search warrants, which would require him to review discovery before filing appurtenant motions. To the extent such motions do not relate to the

contents of electronic devices, they currently appear to be due by November 30. However, allowing an extended deadline for any such motion would be consistent with this Court's apparent intention at the hearing on September 14, *i.e.*, to allow additional time for motions requiring discovery review.

As outlined above, the government has continued to produce discovery after the October 31, 2023 cutoff date imposed by this Court. This includes the government's forthcoming production of material deemed responsive to the 2023 SCA warrants, which the defense received on November 27, 2023. To be sure, Mr. Zeitlin is not accusing the government of bad faith or willfully violating its discovery obligations. The simple fact is that discovery in this case has been voluminous, the government did not produce all material associated with the SCA warrants by the required cutoff, and the defense would have lacked an adequate opportunity to review such material before November 30 in any event.

Finally, although this Court scheduled a hearing for argument or conference on the defense motions on January 4, 2024, this setting likely would not accommodate an evidentiary hearing to address factual issues raised by defense suppression motions. If Mr. Zeitlin were to file motions pursuant to *Franks v. Delaware* or motions challenging the unreasonable execution of one or more search warrants, any such challenge would raise factual issues for this Court to resolve, and an evidentiary hearing likely would be necessary. At most, the current setting might permit the parties to make purely legal arguments associated with facial suppression challenges, not a contested evidentiary hearing to resolve factual issues.

ACCORDINGLY, Mr. Zeitlin would propose this Court modify and extend the November 30, 2023 motions deadline as follows:

*First*, any motion by Mr. Zeitlin challenging the facial sufficiency of the indictment or the premises search warrants and affidavit from the District of Nevada would be due by November 30, 2023, per the Court's prior order. The currently scheduled hearing on January 4, 2024 might be sufficient to argue purely legal issues associated with such motions. However, if the government's opposition(s) should raise factual issues, an evidentiary hearing on the motion(s) might be necessary, which might necessitate a further setting.

*Second*, all other suppression motions by Mr. Zeitlin would be due at a future date, to be determined by the Court after the government completes its discovery productions and the parties have conferred as to a deadline that would afford the defense a reasonable opportunity to review and analyze those productions. After the filing of all oppositions and replies by the parties, any necessary evidentiary hearing could be scheduled to address any factual issues. Ideally, a single evidentiary hearing would be scheduled for any and all motions.

## CONCLUSION

For the foregoing reasons, Mr. Zeitlin respectfully prays the Court grant his motion to extend the current motions deadline as discussed above.

Dated: November 29, 2023.

**THE BERNHOFT LAW FIRM, S.C.**
Attorneys for Defendant Richard Zeitlin


 /s/ Robert G. Bernhoft
Robert G. Bernhoft, Esq.
Appearing *pro hac vice*
1402 E. Cesar Chavez Street
Austin, Texas 78702
Telephone: (512) 582-2100
Facsimile: (512) 373-3159
rgbernhoft@bernhoftlaw.com