

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 30, 2023

**BY ECF AND HAND DELIVERY**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Richard Zeitlin</u>, 23 Cr. 419 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter in response to the defendant's motion, filed yesterday evening, requesting an indefinite extension of time to file any pretrial motions, which are due today, that do not "challeng[e] the facial sufficiency of the indictment or the premises search warrant" obtained and executed in the District of Nevada. (Dkt. 36 ("Def. Mem.") at 14). Trial is scheduled to commence in this matter on April 2, 2024. As the defendant acknowledges, the Court ruled on September 14, 2023, that *all* pretrial motions—other than motions relating to electronic devices (the "Devices") seized on August 17, 2023, for which the responsive review is pending—are due today, and the Government is unaware of any justification to disturb that ruling.

      Nonetheless, the Government does not oppose: (1) a limited adjournment of four weeks for any pretrial motions that challenge the Government's responsive review of returns pursuant to warrants obtained in 2020 and 2023 under the Stored Communications Act (the "SCA Warrants"), for which the defendant states he needs additional time to review; and (2) as a courtesy, adjourning the deadline for all other pretrial motions not premised on the contents of the Devices for one week, from today to December 7, 2023.[1] In addition, consistent with the Court's September 14, 2023, ruling concerning challenges relating to the contents of the Devices, the Government proposes that the parties confer as the responsive review of the Devices progresses and, to the extent the defendant contemplates any motions relating to this review, propose a briefing schedule to the Court at a later date.

---

[1] The defendant's motion focuses on suppression. To be clear, "all defense pretrial motions" refers to both suppression and non-suppression motions. *See generally* Fed. R. Crim P. 12(b).

## RELEVANT BACKGROUND

Initial Pretrial Conference. On September 14, 2023, at the initial pretrial conference, the Court ordered the defense to file all pretrial motions, except those that were dependent on the contents of the Devices, by November 30, 2023. (09/14/2023 Tr. at 13). At the conference, defense counsel made the same arguments contained in the instant motion: that the defense needed to review discovery before filing his motions. (*Id.* at 11-12). Counsel ultimately agreed that there was no reason not to set a motions deadline for motions unrelated to the Devices. (*Id.*). The Court also directed the Government to produce discovery to the defendant by October 31, 2023, with the exception of the contents of the Devices. (*Id.*).[2] To date, the Government has made eight discovery productions to the defense, including the materials highlighted below.

The Warrants. On September 29, 2023, the Government produced all of the warrants in this matter and their corresponding applications to the defendant (the "Warrants"). Specifically, the Government produced (1) Warrant and Application No. 20 Mag. 12568, dated November 23, 2020, to search 35 email accounts, five of which belong to the defendant (the "2020 SCA Warrant"); (2) Warrant and Application No. 23 Mag. 03071, dated April 18, 2023, to search 22 electronic accounts, three of which belong to the defendant (the "2023 SCA Warrant"); (3) Warrant and Application No. 23 Mag. 5985, dated August 10, 2023, for prospective and historical location information for two phones, one of which belonged to the defendant (the "GPS Warrant"); (4) Warrant and Application Nos. 23-MJ-743 and 23-MJ-744, both dated August 16, 2023, to search the defendant's Las Vegas business and residence, respectively (the "Premises Warrants"); and (5) Warrant and Application No. 23 Mag. 6429, dated September 15, 2023, to search 29 electronic devices seized pursuant to the Premises Warrants (the "Device Warrant").

Execution of the Premises Warrants. On September 29 and October 31, 2023, the Government produced materials relating to the execution of the Premises Warrants, including law enforcement reports and records.

Production of Warrant Returns and Responsive Materials. On October 31, 2023, the Government produced: the full returns for the five email accounts the Government believes were used by the defendant and that the Government obtained pursuant to the 2020 SCA Warrant; all materials responsive to the 2020 SCA Warrant; location information obtained pursuant to the GPS Warrant; the full returns for the three accounts the Government believes were used by the defendant (two email and one Skype account) and that the Government obtained pursuant to the 2023 SCA Warrant; materials responsive to the 2023 SCA Warrant for several accounts that the Government does not believe were exclusively or primarily used by the defendant; scans of hard-copy documents seized pursuant to the Premises Warrants; and Cellebrite reports for six of the 26 Devices. On November 2, 16, and 22, the Government produced all additional materials

---

[2] At the initial conference, although the Government discussed the SCA warrants and returns, it inadvertently did not describe the status of the responsive review of the electronic accounts seized pursuant to the 2023 SCA Warrant, which had not yet been completed at that time.

responsive to the 2023 SCA Warrant.[3]  On November 15, 2023, the Government produced data extractions for the 26 Devices and Cellebrite reports and/or Axiom cases for 19 of the 26 Devices.[4]

## DISCUSSION

Although the Government does not oppose continuing to adjourn the defendant's deadline for filing any pretrial motions premised on the contents of the Devices, the Government opposes an indefinite extension of time for all other pretrial motions.  As noted, the Government has no objection to (1) the Court setting a deadline of approximately four weeks from today for any motions relating to the responsive review of the 2020 and 2023 SCA Warrant returns; or (2) the defendant having an additional week to file any other pretrial motions that do not depend on a review of the contents of the Devices.  For the reasons that follow, however, the indefinite adjournment sought by the defendant is unwarranted.

First, the defendant acknowledges that he has had all the materials he needs to make facial challenges to *all* of the Warrants for approximately two months.  (Def. Mem. at 3-4; *id.* at 9 ("Admittedly, Mr. Zeitlin also could file purely facial challenges to the SCA warrants without reviewing the government's discovery.").  Based on the Warrants themselves and the defendant's own knowledge of relevant facts about his use of accounts and devices (*i.e.*, whether he used or did not use particular devices or accounts), the defendant is able now to determine the accounts for which he may have standing to move for suppression.  (*Id.* at 8).  The defendant has also had ample time to review law enforcement reports relating to the execution of the Premises Warrants to determine if "an authorized officer [was] present during the execution of the search warrant" (*id.* at 6)—although it is unclear to the Government how 18 U.S.C. § 3105 would form the basis for suppression here.[5]

Second, the defendant fails to cogently explain, among other things: (1) what "facial challenges requir[e] relatively extensive discovery review" (*id.* at 3); (2) why the defendant would need to review search warrant returns to file a motion under *Franks v. Delaware*, 438 U.S. 154 (1978), given that such a motion would be based on information known to the agents at the time they applied for the warrant—not on what they learned after reviewing materials obtained pursuant to the warrant (*id.* at 5); (3) what "areas" were searched "that could not possibly contain responsive items" (*id.* at 5-6); and (4) the relevance of the seizure of "prejudicial evidence" (*id.* at 8).

---

[3] The Government understands that defense counsel received the November 22 production on the morning of November 27, 2023.

[4] As the defense is aware, the Government does not plan on further reviewing three of the 29 devices seized pursuant to the Premises Warrant, and therefore will not be producing any extracted data from those three devices.  (Dkt. 31 at 2 n.2).  The Cellebrite reports and Axiom cases are generated from data extracted from the Devices.  The Government plans to produce one additional Axiom case to the defendant as soon as it is copied onto a drive (the full data extraction for this device has already been produced).  The Government's case team has not yet reviewed any of the scanned hard-copy documents or any of the Devices because of the ongoing privilege review (and disputes).

[5] 18 U.S.C. § 3105 does not apply to SCA warrants. *See* 18 U.S.C. § 2703(g).

      Setting aside materials responsive to the Device Warrant, the Government's understanding is that the only defense motions discussed in the defendant's submission that require further review of the discovery (*i.e.*, the materials responsive to the SCA Warrants and the Devices) are motions to suppress electronic evidence based on arguments about purported over-seizure.  Here, eight of the electronic accounts for which the Government believes the defendant was the primary user have been searched pursuant to the SCA Warrants.  Of those eight accounts, materials responsive to the 2020 SCA Warrant were produced on October 31, 2023.  Materials responsive to the 2023 SCA Warrant were produced on a rolling basis between October 31 and November 22, 2023.  Accordingly, the Government does not oppose an extension for a potential over-seizure motion relating to the 2020 and 2023 SCA Warrant returns to a date approximately four weeks from today to provide the defendant the additional time he states is needed to review the materials and prepare any potential motions based on over-seizure.  The Government is not aware of any other defense motions that would require review of the discovery—nor has the defendant articulated any.

## **CONCLUSION**

      For the reasons set forth above, the Court should deny in part the defendant's motion and: (1) only grant a four-week extension of time for defense motions related to the responsive review of the 2020 and 2023 SCA Warrant returns; (2) provide a one-week extension, to December 7, 2023, of the deadline for the defendant to file any other pretrial motions (*i.e.*, any suppression or any other type of pretrial motions that do not relate to the responsive review of the 2020 and 2023 SCA Warrant returns or the Devices); and (3) leave undisturbed the Court's earlier ruling that the defendant not be required to file any pretrial motions premised on the contents of the Devices until such contents are produced, other than to direct the parties to confer as those contents are produced and, as necessary, propose a briefing schedule to the Court for any relevant pretrial motions.

      Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s Jane Kim
       Jane Kim / Rebecca Dell / Daniel H. Wolf
       Assistant United States Attorneys
       (212) 637-2038 / 2198 / 2337

cc:     Defense Counsel (by ECF)