UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD ZEITLIN,

    Defendant.

23-cr-419 (LAK)

**DEFENDANT'S NOTICE OF MOTION TO DISMISS
COUNTS ONE AND TWO OF THE INDICTMENT
AND FOR A BILL OF PARTICULARS**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum, Defendant Richard Zeitlin hereby moves to dismiss Counts One and Two of the Indictment and for a Bill of Particulars.

Dated: November 30, 2023.

                                       **THE BERNHOFT LAW FIRM, S.C.**
                                       Attorneys for Defendant Richard Zeitlin

                                       /s/ Robert G. Bernhoft
                                       Robert G. Bernhoft, Esq.
                                       Appearing *pro hac vice*
                                       1402 E. Cesar Chavez Street
                                       Austin, Texas 78702
                                       Telephone: (512) 582-2100
                                       Facsimile: (512) 373-3159
                                       rgbernhoft@bernhoftlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2024

<u>Memorandum Endorsement</u>                    <u>United States v. Zeitlin, 23-cr-0419 (LAK)</u>

    Defendant's motion to dismiss Counts One and Two of the indictment or, alternatively, for a bill of particulars (Dkt 45) is DENIED.

    1. "An indictment is sufficient as long as it (1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend,' and (2) 'enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021) (quoting *United States v. Wedd*, 993 F.3d 104, 120 (2d Cir. 2021)). *See also United States v. Bankman-Fried*, ___F. Supp.3d ___, 2023 WL 4194773, at *7 (S.D.N.Y. June 27, 2023). "To satisfy this rule, 'an indictment need "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."'" *Bankman-Fried*, 2023 WL 4194773, at *7 (quoting *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (in turn quoting *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000)). Under this standard, the indictment clearly is sufficient.

    2. Contrary to defendant's premise, the indictment need not explicitly allege materiality, which is subsumed in the concept of fraud. *E.g., United States v. Klein*, 476 F.3d 111, 113 (2d Cir. 2007).

    3. Defendant contends that Counts One and Two are duplicitous. He concedes, however, that both rely "on the same alleged scheme and core facts." Dkt. 46 at 8. As the Second Circuit has made clear, it "has long held that 'acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme'" *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989)). Defendant's contention therefore is without merit.

    4. Defendant already has had the benefit of ample notice of the crimes with which he is charged, including through a detailed indictment, search warrant affidavits, a letter opposing his pursuit of bail pending trial, extensive document (principally electronically stored information) production, and now the government's papers in opposition to his motions. His alternative application for a bill of particulars therefore is unpersuasive.

    SO ORDERED.

Dated:  January 4, 2024

                  /s/ Lewis A. Kaplan
                  Lewis A. Kaplan
                  United States District Judge