UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD ZEITLIN,<br><br>        Defendant. | 23-cr-419 (LAK) |

**DEFENDANT RICHARD ZEITLIN'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION TO CONTINUE THE TRIAL DATE**

**COMES NOW** Defendant Richard Zeitlin ("Zeitlin"), by and through his counsel of record, Robert G. Bernhoft, Esq., and hereby respectfully files this unopposed motion to continue the current trial date of April 2, 2024, to a trial date in September 2024, or thereafter at the Court's calendaring convenience, and to move all other pretrial hearings and deadlines in proportional accordance with the trial continuance sought. The Government has no objection to the Defendant's request to continue the trial date to September 2024.

**FACTS AND PROCEDURAL POSTURE**

1. Zeitlin was indicted on August 15, 2023, and subsequently arrested at his home in Las Vegas, Nevada on August 17, 2023. Zeitlin made his initial appearance that same afternoon and a detention hearing was conducted before Magistrate Judge Ferenbach. (Docs. 1, 7.)

2. Upon the Defense's request, Judge Ferenbach ordered detention hearing argument to be continued to the following day, August 18, 2023. At the conclusion of the detention hearing Judge Ferenbach ordered Zeitlin's continued detention for transport to the Southern District of New York. (Doc. 6.)

1

3.  Zeitlin was arraigned before the Honorable Judge Kaplan in the Southern District of New York on September 14, 2023. (Minute Entry dated September 15, 2023.)

4.  Zeitlin was ordered detained pending trial and remains in custody. (Doc. 20.)

5.  The current trial date is scheduled for April 2, 2024. (Minute Entry dated September 15, 2023.)

## DISCOVERY CHRONOLOGY AND STATUS

6.  The Government's rolling discovery productions have been extraordinarily voluminous and complex, and therefore require months of additional review by the Defense team. To date, the defense has received eleven productions from the Government, with the first production on September 18, 2023 and the most recent production on January 5, 2024. (Decl. of Robert G. Bernhoft, ¶ 3.) These eleven productions collectively contain more than 2.88 terabytes of discovery materials:

```
09-18-23_1st Production:    0.000379TB
09-29-23_2nd Production:    0.07715TB
10-31-23_3rd Production:    0.69TB (Drive 1)
                            1.91TB (Drive 2)
11-03-23_4th Production:    0.00254TB
11-15-23_5th Production:    20TB drive with Cellebrite Reports and/or Axiom
Portable Cases (Government reviewing for obligatory disclosures to defense)
11-16-23_6th Production:    0.02TB
11-21-23_7th Production:    0.0000423TB
11-22-23_8th Production:    0.18TB (compressed folders)
12-04-23_9th Production:    0.0005821TB
12-07-23_10th Production:   0.00409TB (first production of Axiom data)
01-05-24_11th Production:   0.0000128TB
```

**Total ESI Discovery to Date:    @ 2.88TB**

*Id*., ¶ 4.

7.  Both the Government and Defense estimate that these 2.88 terabytes contain a minimum of over one-million document pages, and additional discovery materials are expected to be

produced. *Id*., ¶ 5. For instance, the Government will likely produce its seizures from the many electronic devices taken from the Defendant's La Madre residence and Charleston office (depending on the Court's ruling on the Defendant's Motion to Suppress Evidence). *Id*., ¶ 6.

8. The defense commenced discovery review in earnest in early October 2023 upon receipt of the first large ESI discovery production of approximately 77GB. *Id*., ¶ 7. A second discovery production followed on October 31, 2023, consisting of over 2.6TB – a huge ESI production that presented significant challenges of review and integration. *Id*., ¶ 8. A team of attorneys, paralegals, and document reviewers have been diligently reviewing and culling that ESI dataset ever since. *Id*.

9. Even with the application of all reasonable diligence and labor allocations, the defense requires substantial additional time to complete that review, then integrate into defense preparation. *Id*., ¶ 9. A thoroughgoing, competent review simply cannot be completed under the current timelines, with trial commencement approaching on April 2, 2024. *Id*. The defense requires the requested five-month continuance to discharge its duties of zealous advocacy to Zeitlin, and to competently prepare this case for trial. *Id*.

## POSITION OF THE GOVERNMENT

Undersigned counsel has communicated with AUSA Jane Kim and can report that the Government does not oppose the requested trial continuance.

## ARGUMENT

District courts have "a great deal of latitude in scheduling trials." *United States v. Griffiths,* 750 F.3d 237, 241 (2d Cir. 2014) (quoting *Morris v. Slappy,* 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983)). Thus, "trial courts enjoy very broad discretion in granting or denying trial continuances." *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013) (citation

omitted). The appellate standard of review of a trial court's refusal to grant a continuance is an abuse of discretion, and the Court of Appeals "will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *Id.* (citations and internal quotation marks omitted). "A defendant must show 'both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance.'" *Id.* at 128 (quoting *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010)).

Whether a continuance is appropriate in a particular case depends on the facts and circumstances of that case. *Ungar v. Sarafite,* 376 U.S. 575, 589–90, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964); *United States v. Ellenbogen*, 365 F.2d 982, 986 (2d Cir. 1966) (noting that there is "no mechanical test" for determining when the denial of a continuance constitutes an abuse of discretion). This Court has recognized the following factors when evaluating a request for a continuance:

> (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether the defendant has other competent counsel prepared to try the case, including the consideration of whether other counsel was retained as lead or associate counsel; (7) whether denying the continuance will result in identifiable prejudice to the defendant's case, and if so, whether the prejudice is of a material or substantial nature; (8) the complexity of the case; and (9) other relevant factors which may appear in the context of any particular case.

*Marrant v. Breslin*, 2010 U.S. Dist. LEXIS 49233, 09 Civ. 4964 (LTS)(MHD), at *22 (S.D.N.Y., Jan. 22, 2010) (quoting *Childs v. Herbert*, 146 F. Supp. 2d 317, 323 (S.D.N.Y. 2001)).

Here, the factors all weigh strongly in favor of granting the requested continuance. First, the request is for an additional five months of trial preparation in an extraordinarily complex case with highly voluminous discovery. Second, Mr. Zeitlin hasn't sought a previous trial continuance

4

in this case. Third, the requested continuance will not inconvenience the parties, the contemplated witnesses, or the court, because the Government doesn't object to the continuance and the defense has come to the Court well in advance of trial, and only then after it became clear the defense could not be competently prepared under the current timelines. Fourth, Defense counsel needs time to complete its review of previously disclosed, voluminous discovery and any forthcoming discovery from the Government, and to work with the Government to address challenges and legal issues concerning the discovery. The requested trial continuance and concomitant delay is for purposes of necessary defense preparation, and therefore cannot be attributed to any fault of the Defendant.

Fifth, Defense counsel and his team, with the assistance of local counsel, are the only attorneys hired by the Defendant and there is no other competent counsel prepared to try this case in less than three months. Sixth, Defendant Zeitlin would be substantially prejudiced without the requested additional time to complete discovery review and adequately prepare this case for trial. Seventh, this case is complex due to the volume of discovery materials and the fact that the indictment potentially implicates thousands of unspecified phone calls, with no bill of particulars, which makes the Defense's preparation more difficult. Finally, as outlined in Defendant's renewed motion for pretrial release dated January 2, 2024, the conditions at the Metropolitan Detention Center have impaired the Defendant's ability to prepare for trial. (Doc. 58.)

The foregoing facts and circumstances also amply demonstrate that the ends of justice served by a five-month continuance fully outweigh the best interests of the public and the Defendant to a speedy trial, and Defendant Zeitlin hereby expressly acknowledges that by

making this continuance request he has waived any and all rights to a speedy trial he may have enjoyed under the Speedy Trial Act.

Federal criminal defendants enjoy both constitutional and statutory speedy-trial rights. In assessing a defendant's right to a speedy trial under the Sixth Amendment, courts consider four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Howard*, 443 F. App'x 596, 599 (2d Cir. 2011) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Meanwhile, "[t]he Speedy Trial Act requires that a trial begin within seventy days of indictment or initial appearance, whichever is later." *United States v. Bursey*, 801 F. App'x 1, 2 (2d Cir. 2020) (citing 18 U.S.C. § 3161(c)(1)). "Time may be excluded, however, for various reasons, including the filing of pretrial motions and continuances in the interest of justice." *Id.* (citing 18 U.S.C. § 3161(h)(1)(D), (7)(A)).

As pertinent here, under the Speedy Trial Act's "ends of justice" provision, a trial judge may exclude "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "This provision gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006). In considering an "ends of justice" continuance, a trial court considers the four non-exhaustive statutory factors within 18 U.S.C. § 3161(h)(7)(B).

Furthermore, the Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exclusion is automatic, *United States v. Pikus*, 39 F.4th 39, 52 (2d Cir. 2022), and it occurs regardless of whether the motion

actually caused or was expected to cause delay of a trial, *Howard*, 443 F. App'x at 599 (discussing *United States v. Tinklenberg*, 563 U.S. 647, 660 (2011)). Moreover, the Speedy Trial Act further excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

In sum, Defendant Zeitlin has automatically excluded time due to his pretrial motions, two of which are still pending, and the ends of justice will be served by a five-month continuance for the reasons described above, including but not limited to the complexity of this case and to allow Defense counsel the reasonable time necessary for effective preparation for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv).

**WHEREFORE**, for all the foregoing reasons, Zeitlin respectfully requests an order granting this motion to continue the trial date to September 2024, or thereafter at the Court's calendaring convenience.

Respectfully submitted on January 16, 2024.

**THE BERNHOFT LAW FIRM, S.C.**
Attorneys for Defendant Richard Zeitlin

 /s/ Robert G. Bernhoft
Robert G. Bernhoft, Esq.
Appearing *pro hac vice*

1402 E. Cesar Chavez Street
Austin, Texas 78702
Telephone: (512) 582-2100
Facsimile: (512) 373-3159
rgbernhoft@bernhoftlaw.com