LAW OFFICES OF
# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW  YORK  10006
—

TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                          ACHARA AMY SCHRODER
—                                                                                         *Paralegal*
AMY E. GREER

February 12, 2024

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Richard Zeitlin*,
  23 Cr. 419 (LAK)

Dear Judge Kaplan:

This letter is respectfully submitted on behalf of Richard Zeitlin, defendant in the above-entitled matter, and whom Robert G. Bernhoft, Esq., and I represent therein, and provides supplemental information subsequent to the February 1, 2024, reply (ECF # 74) submitted in support of Mr. Zeitlin's renewed application for pretrial release.

Regarding conditions at the Metropolitan Detention Center ("MDC") since my February 1, 2024, Reply Letter (ECF # 74):

(1)  ***Lockdowns***

Mr. Zeitlin was locked down Thursday, February 1, 2024, and the following two days as well.  After 38 straight hours in his cell, he was permitted out for 90 minutes at noon Sunday, February 4, 2024.  The remainder of last week was free of lockdowns until Friday, February 9, 2024, when the customary weekend lockdown began.  During the week Mr. Zeitlin was able to leave his cell (on average) at 9 a.m.  Today, February 12, 2024, Mr. Zeitlin's unit was again subject to lockdown.

(2)  ***Attorney Access***

Regarding access to counsel at MDC, attached as Exhibit 1 is a February 8, 2024, letter

LAW OFFICES OF

**DRATEL & LEWIS**

from Loretta E. Lynch, who is mediating a lawsuit between the Federal Defenders of New York and the Bureau of Prisons ("BoP") with respect to certain conditions at MDC.  *See Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.*, 19 Civ. 660 (MKB) (ECF # 410).  In her letter, Ms. Lynch reports that

> MDC continues to experience internal challenges that affect legal access.  For example, the parties discussed a report from January 11, 2024, in which an attorney was mistakenly told that legal visits could only take place in the enclosed visiting rooms, which significantly reduced the amount of possible meetings and increased attorney wait-times.  The tables from the main visiting room were also removed, interfering with attorneys' ability to review discovery with their clients.  The institution confirmed that the officer provided incorrect guidance.  The parties also discussed an incident from January 15, 2024, where the electric doors to the West Building were not working, which meant that the legal visitors had to be keyed in and out by the institution's staff.  The institution explained that the issue had since been resolved.  Finally, today we received a report of another event where an attorney was allegedly provided incorrect guidance from an officer, leading to extensive delays for attorneys.  In particular, attorneys were told by an officer that access was limited based on a policy that prevented too many meetings from occurring at once based on privacy concerns.  As a result, the attorneys were required to go into the visiting room in shifts.  Also, it was reported that tables had again been removed from the visiting room, which again prevented attorneys from efficiently reviewing discovery with their clients.  We were told that an attorney who inquired about the source of the policy was treated abruptly, and that the attorney elevated the issue to the Captain and MDC Legal.  The Captain explained that the visiting room had a limited capacity for the number of people allowed inside, but agreed that the limit had not been met.  The Captain acknowledged that there was no such policy.  We were informed that some attorneys still continued to wait up to two hours to get inside the visiting room.

*Id*., at 3-4.

In addition, Mr. Bernhoft has not been able to visit Mr. Zeitlin in person.  He has been attempting to do so since January 5, 2024.  He and his office have been emailing and telephoning

LAW OFFICES OF

**DRATEL & LEWIS**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
February 12, 2024
Page 3 of 5

MDC's legal department repeatedly since that date without success – or even a response.  In fact, Mr. Bernhoft's paralegal placed a call last week to MDC's legal department but could not even leave a voice mail message because the mailbox was "full."  Last week, Assistant United States Attorney Jane Kim offered to facilitate approval for Mr. Bernhoft to visit, but while AUSA Kim informed us MDC would be calling either Mr. Bernhoft or me, neither of us has received any communication from MDC until this afternoon, when AUSA Kim included Sophia Papapetru, Esq., of MDC on an email thread.[1]

(3)      *Medical Care*

Mr. Zeitlin has been suffering from two ailments the past two weeks – back pain and a bronchial condition – without any attention despite numerous requests by Mr. Zeitlin, and despite his being informed by two different corrections officers (unit leaders) that they had spoken directly with the facility doctor.  In fact, Mr. Zeitlin has not been seen by a facility physician for the five weeks he has been making requests.

As noted in my January 2, 2024, letter (ECF # 58), Mr. Zeitlin underwent back surgery in 2022.  He recently began experiencing pain that made it difficult to bend over or even tie his shoes.  His left leg also suffers from numbness.  Also, Mr. Zeitlin experienced considerable chest and sinus congestion that forced him to use his asthma inhaler on a frequent basis.  Mr. Zeitlin endured both conditions untreated.

As of earlier today, Mr. Zeitlin still had not been seen by a doctor.  He also has made two specific requests (for a Magnetic Resonance Imaging test for his back, and a breathing treatment – essentially a half hour breathing through a machine to treat asthma – as a result of his recent conditions.  He has yet to receive any response from MDC.

Regarding prescription medication, Mr. Zeitlin attempted to request a refill for his

---

[1]  Moreover, with respect to a visit to another client at MDC, in response to the mitigation specialist's (in that case) scheduling of a visit (which is required for them), an MDC Legal Assistant replied via email that attorneys would be required to present two forms of identification to be admitted.  While that requirement does not present a logistical challenge, it represents a completely different policy than obtains ordinarily – an attorney identification card is exchanged for a locker – and for which notice to attorneys themselves has not been provided. In any event, unsurprisingly and as per usual practice, today for that meeting I was required to present only my New York State attorney's card.  This inconsistent messaging, however, simply demonstrates – along with Ms. Lynch's description – the arbitrary, confused, and unpredictable policies in effect at MDC that continue to make visiting a challenge.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
February 12, 2024
Page 4 of 5

thyroid medication on MDC's electronic system.  However, none of his medications were listed on the prescription tab.  As a result, he cannot request refills.  His thyroid medication expired yesterday, February 11, 2024, and he has not yet received any refill.  Also, previously, he experienced a two-week interval waiting for a refill of his thyroid medication.  As noted in my January 2, 2024, letter (ECF # 58), he waited 26 days for a refill of his asthma inhaler.

(4)     ***Commissary***

Mr. Zeitlin has not been able to purchase either underwear or T-shirts from the commissary since his arrival at MDC last November.  Nor, to Mr. Zeitlin's knowledge, have they been available in the commissary for any MDC inmate.

(5)     ***Legal Mail***

MDC continues to open Mr. Zeitlin's legal mail (with the fourth incident occurring since my February 1, 2024, letter).

(6)     ***Laptop to Review Discovery***

In its February 6, 2024, Surreply Letter (ECF # 76), the government notes that it and MDC would accommodate Mr. Zeitlin with a laptop (provided by the defense) upon which he could review discovery.  In my experience in multiple cases, that would certainly represent an improvement, and we would avail ourselves of that opportunity if necessary.

However, my experience is also that it is a modest improvement, and not sufficient.  All of the factors that interfere with inmate movement at MDC – lockdowns, "modified operations," and spontaneous staff shortages (*i.e.*, lack of an officer available to transport the inmate to the visiting room) – remain in effect even with an available laptop.  Thus, the ability to review discovery would remain sporadic and unreliable.

In addition, in my experience the task of loading additional, subsequent discovery on the laptop is difficult to accomplish in a timely manner.  That difficulty is amplified with respect to material produced pursuant to 18 U.S.C. §3500 ("3500 material"), particularly given the time constraints when 3500 material is produced very close to the commencement of trial.

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
February 12, 2024
Page 5 of 5

## Conclusion

A significant problem with conditions at MDC is that they are not fully resolved by a momentary correction in response to court or counsel intervention.  The problems arise again cyclically, and recur in the same or different form.  Also, it is respectfully submitted that making it incumbent upon defense counsel to monitor MDC and prompt it to provide adequate services is not a satisfactory solution.  Defense counsel certainly do not have the authority to compel MDC, and seeking the Court's assistance on a regular basis is not only unnecessarily time-consuming for the Court and counsel, but it also requires devotion of an inordinate amount of time that should be dedicated to preparation for trial.

Accordingly, it is respectfully requested that the Court grant Mr. Zeitlin's renewed motion for pretrial release on whatever conditions the Court deems necessary and appropriate.

Respectfully submitted,

Joshua L. Dratel

JLD/
Encl.