```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-5-24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | **ORDER** |
|---|---|
| v. | 23 Cr. 419 (LAK) |
| RICHARD ZEITLIN, | |
| Defendant. | |

WHEREAS, the Court and the parties seek to ensure that defendant Richard Zeitlin, while detained at the Metropolitan Detention Center, Brooklyn ("MDC"), has meaningful access to review the materials the Government has already provided and will provide pursuant to Rule 16 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3500 ("3500 material"); and,

WHEREAS, some of the materials in this case have been designated "Sensitive" under the Protective Order such that the defendant may not retain possession of those materials.

IT IS HEREBY ORDERED that:

1. Mr. Zeitlin may procure and have access to his own an "air-gapped" laptop computer that is disabled from accessing the internet, local area networks, or other electronic devices. In addition, he may procure and have access to any external hard drives that are required to provide Mr. Zeitlin with access to the discovery and 3500 material (collectively, the "Electronic Device") for purposes of discovery review.

2. The laptop is a 15.6-inch black Lenovo V15 G2 ALC with a Ryzen 5 CPU model (Serial number: PF4JHJ6R). The laptop has one terabyte of disk space and sixteen gigabyte RAM with a Windows 11 operating system.

3. The external hard drive is a black four terabyte Crucial X10.

4. Counsel shall provide the electronic device to the entity determined by the Government and MDC, which shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to MDC. That entity, or the Government, shall load onto the Electronic Device such software as Mr. Zeitlin will need to review and make notes on the discovery. The entity shall set a password protected administrative account on the Electronic Device that is separate from the Mr. Zeitlin's password protected user account to prevent any user from making changes to the Electronic Device.

5. Either defense counsel or the entity shall provide the Electronic Device to the Government. Each Electronic Device will be clearly marked with the name and ID number and Unitd States Marshal Service registration number of Mr. Zeitlin, who has been assigned to receive the particular Electronic Device.

6. The Government shall save the discovery and 3500 material on the Electronic Device as well as on subsequent external hard drives that may be required to provide Mr. Zeitlin with access to the discovery.

7. The Government shall confirm that the discovery and 3500 material is viewable on the Electronic Device (for example, that the audio recordings and video are able to play on the Electronic Device) prior to sending it to the facility where Mr. Zeitlin is housed.

8. Within three days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by the facility to receive the Electronic Device.

9. MDC personnel will provide Mr. Zeitlin with access to the Electronic Device Monday through Friday in the visiting room, between the hours of 9 a.m. and 7 p.m. Because of the volume of the discovery materials, Mr. Zeitlin shall be afforded the ability to review it for several hours

each day, and a minimum of 15 hours per week, to the extent consistent with the conduct of the facility in which he is lodged.

10. After finishing reviewing the discovery for any given day, Mr. Zeitlin shall return the Electronic Device to the designated Officer.

11. Mr. Zeitlin is strictly prohibited from printing, copying, sending, publishing or transferring any of the discovery materials marked as sensitive or under the protective order on the Electronic Device. It is the intent of this Order that only Mr. Zeitlin is assigned to a particular Electronic Device. Mr. Zeitlin's defense counsel and other members of his legal defense team, including investigators, paralegals and support staff, as needed to confer with Mr. Zeitlin, will also have access to the discovery materials on the Electronic Device.

12. A copy of this Order shall be made available to the Unit Team/Floor where Mr. Zeitlin is housed, and if he is relocated, this Order will be made available to any new Unit Team/Floor.

13. Mr. Zeitlin shall execute an agreement setting forth his understanding that (1) he may use the Electronic Device for the sole purpose of reviewing discovery and legal materials that relate to his criminal case, (2) he shall not share the Electronic Device or the materials loaded onto the Electronic Device with other inmates or with any member of his defense team not appointed to this case without an order of this Court, (3) he will not access or attempt to access the internet or any form of wireless communication, and (4) should he violate any of these conditions, he will forfeit his right under this Order to use the Electronic Device and may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. §1791(d).

14. Within 48 hours of MDC's receipt of the Electronic Device from the government, Mr. Zeitlin shall receive access to the Electronic Device, where he will be brought to the visiting room upon his request to the unit officer Monday through Friday (with an effort to provide him access on a business day basis).

15. The Court will revisit this Order and defendant's access to the Electronic Device if it appears that Mr. Zeitlin is not abiding by this Order.

16. The Court will also revisit this Order if it appears that MDC is not complying with this Order.

17. IT IS FURTHER ORDERED that this Order remains in effect until the trial in this matter is completed. At that time counsel for the defendant shall return the Electronic Device to MDC.

Dated: New York, New York
April 5, 2024

SO ORDERED:

_____
U.S.D.J.