UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>RICHARD ZEITLIN,<br><br>   Defendant. | 23-cr-419 (LAK) |

### DEFENDANT RICHARD ZEITLIN'S MEMORANDUM IN SUPPORT OF HIS SECOND MOTION TO CONTINUE THE TRIAL DATE

**COMES NOW** Defendant Richard Zeitlin ("Zeitlin"), by and through his counsel of record, Robert G. Bernhoft, Esq., and hereby respectfully files this motion to continue the current trial date of October 21, 2024 for several months, to a trial date certain on or after February 3, 2025, or thereafter at the Court's calendaring convenience, and to move all other pretrial hearings and deadlines in proportional accordance with the trial continuance sought. As detailed below, the grounds for this motion are: (1) Zeitlin's inability to date to review discovery and thereupon participate in his defense preparation while in pretrial custody in MDC; and (2) Zeitlin's motion to compel discovery and request for issuance of a subpoena *duces tecum* to Bank of America, and the substantial additional discovery disclosures that motion portends.

### CONFERRAL

Zeitlin's counsel and Government counsel first conferred on this continuance motion during a personal meeting at the prosecutors' New York office on August 14, 2024, after which emails were exchanged requesting the Government's position. (Declaration of Robert G. Bernhoft, hereinafter "Bernhoft Decl.", ¶ 3.) The parties next conferred during a group telephone

1

call on August 20, 2024, after which undersigned counsel emailed a draft of this motion to the Government for its review, and subsequent email exchanges again requested the Government's position. *See id.* The Government advised its position today (August 22, 2024), that although it doesn't oppose "an adjournment of a few weeks," it does oppose Zeitlin's request to continue the trial until a date certain on or after February 3, 2024. *See id.*

Zeitlin initially posited a 90-day continuance to the Government for a January 2025 trial date, but Government counsel advised that its trial team in this case is scheduled to try the companion *Piaro* case starting January 6, 2025, and was therefore unavailable to try this case in January. *See id.*; *see also United States v. Robert Piaro*, Case # 1:23-CR-00420-AS-1. Hence this motion's request for a trial continuance to February 3, 2025, or thereafter, to accommodate the Government's other trial obligation. *See id.*

## FACTS AND PROCEDURAL POSTURE

1. Zeitlin was indicted on August 15, 2023, and subsequently arrested at his home in Las Vegas, Nevada on August 17, 2023. Zeitlin made his initial appearance that same afternoon and a detention hearing was conducted before Magistrate Judge Ferenbach. (Docs. 1, 7.)

2. Upon the Defense's request, Judge Ferenbach ordered detention hearing argument to be continued to the following day, August 18, 2023. At the conclusion of the detention hearing Judge Ferenbach ordered Zeitlin's continued detention for transport to the Southern District of New York. (Doc. 6.)

3. Zeitlin was arraigned before the Honorable Judge Kaplan in the Southern District of New York on September 14, 2023. (Minute Entry dated September 15, 2023.)

4. Zeitlin was ordered detained pending trial and remains in custody at the Metropolitan Detention Center Brooklyn ("MDC"). (Doc. 20.)

2

5. Upon Zeitlin's first trial continuance request, the trail was indeed continued from April 2, 2024 to October 21, 2024. (Doc. 67.)

## DISCOVERY CHRONOLOGY AND STATUS

6. The Government's rolling discovery productions have been extraordinarily voluminous and complex. To date, the defense has received twenty productions from the Government, with the first production on September 18, 2023, and the most recent production last month on July 30, 2024. (Bernhoft Decl., ¶ 4.) These twenty discovery productions collectively contain approximately three Terabytes of discovery materials:

    09-18-23_1st Production:   0.000379TB
    09-29-23_2nd Production:  0.07715TB
    10-31-23_3rd Production:   0.69TB (Drive 1)
                                        1.91TB (Drive 2)
    11-03-23_4th Production:   0.00254TB
    11-15-23_5th Production:   20TB drive with Cellebrite Reports and/or Axiom Portable Cases (Government reviewing for obligatory disclosures to defense)
    11-16-23_6th Production:   0.02TB
    11-21-23_7th Production:   0.0000423TB
    11-22-23_8th Production:   0.18TB (compressed folders)
    12-04-23_9th Production:   0.0005821TB
    12-07-23_10th Production: 0.00409TB (first production of Axiom data)
    01-05-24_11th Production: 0.0000128TB
    **01-19-24_12th Production: 399.3MB**
    **01-31-24_13th Production: 2.8MB**
    **02-12-24_14th Production: 977KB**
    **02-13-24_15th Production: 338KB**
    **03-04-24_16th Production: 4.3MB**
    **05-08-24_17th Production: 46.4MB**
    **06-10-24_18th Production: 696KB**
    **07-30-24_19th Production: 127.7MB**
    **08-15-24_20th Production: 87.85 GB**

(The discovery productions emphasized in bold were all provided after Zeitlin's first continuance motion was granted).

    **Total ESI Discovery Produced after First Continuance:  @ 89GB**

    **Total ESI Discovery to Date:  @ 3TB**

*Id.*, ¶ 5.

7. Both the Government and Defense estimate that these three Terabytes contain a minimum of over one-million document pages. *Id.*, ¶ 6.

8. The defense commenced discovery review in earnest in early October 2023 upon receipt of the first large ESI discovery production of approximately 77GB. *Id.*, ¶ 7. A second discovery production followed on October 31, 2023, consisting of over 2.6TB – a huge ESI production that presented significant challenges of review and integration. *Id.*, ¶ 8. With each iteration of discovery production, Zeitlin's team of attorneys, paralegals, and document reviewers have been diligently reviewing and culling the ESI dataset. *Id.*, ¶ 9.

9. The Defense has also been working diligently to obtain approval for Zeitlin to have a discovery review laptop at MDC, along with multi-Terabyte external drives that contain that discovery. *Id.*, ¶ 10. On March 13, 2024, Defense Attorney Dratel filed a letter brief requesting court authorization that a discovery laptop computer be made available to Zeitlin at MDC. (Doc. 80.) The Court granted that motion on April 5, 2024. (Doc. 81.) The defense subsequently purchased and shipped a rule-conforming laptop to the government, and the government acknowledged by letter of April 23, 2024 that the laptop had been received and "air-gapped" per MDC requirements, and necessary software programs installed. (Bernhoft Decl., ¶ 11.)

10. The Defense encountered substantial technical issues in copying the voluminous discovery data and information over to external drives to be connected with the discovery laptop for Zeitlin's review. The initial attempts to copy data resulted in serial copy failures. The Defense engaged its IT expert to resolve the copy issue, and he provisionally assessed there was a problem with the drive itself. A second drive was therefore purchased and the data copying commenced again to this new drive. *Id.*, ¶ 12.

4

11. Renewed copy failures occurred with the new drive, however, and it was assessed that the problem was likely either corrupt data files in the discovery, or read/write problems between the programs that created/managed the data on the government's side and the defense's computer systems. The solution was a time-consuming but necessary "folder-by-folder" copy procedure, necessarily managed and reviewed by a firm attorney because of the remaining AEO and APO discovery designations. *Id.* ¶ 13.

12. The copying was completed and two external discovery drives were shipped and then received by MDC, according to FedEx, on June 7, 2024. The Defense also emailed the MDC Legal Department advising that the Zeitlin drives were en route to MDC via FedEx. *Id.*, ¶ 14.

13. Zeitlin did not receive the drives, however, and the Defense made inquiries to the government and MDC. The government followed up with MDC, and it was ultimately determined that the drives had been misplaced at MDC for some time but had been located. MDC then advised that the drives were non-compliant because they contained "detachable parts" and were too small in physical size. *Id.*, ¶ 15.

14. The government subsequently provided web links to MDC-compliant drives, and the Defense has purchased two of those 2TB external drives and has started the copy process again. With the exercise of all diligence, the Defense anticipates completing the copy function and shipping the drives to MDC by Friday, August 30, 2024. *Id.*, ¶ 16.

15. It is essential to adequate defense preparation that Zeitlin review, analyze, and comment on the discovery, particularly given the multi-year timeframe and historic nature of the offense conduct going back to 2017. In fact, in many cases Zeitlin is the only person who can provide contextual information on those historic events and circumstances, and otherwise

comment on relevant company and personal interactions with multiple other individuals, companies, and organizations – including numerous contemplated trial witnesses. *Id.*, ¶ 17.

16. Under the current schedule trial commences on October 21, 2024, and Zeitlin cannot review the large volume of discovery information in sufficient time to convey his analysis to his defense team for their competent integration into the trial defense. Discovery review is also necessary for Zeitlin to rationally and competently assess his "trial risk" as against a plea agreement resolution, and to make an informed decision about whether he will testify at trial – a decision within his sole province. *Id.*, ¶ 18.

17. Furthermore, on August 21, 2024, Zeitlin filed a motion for leave to file an *ex parte* and sealed motion to compel discovery and for issuance of a Rule 17(c) subpoena *duces tecum* to Bank of America. (Docs. 85 to 85-4.) Pending the Court's order, those motion to compel discovery and related filings are printed and otherwise prepared for the "physical" sealed filing required by the local rules. In those moving papers Zeitlin urges there was a joint investigation involving this U.S. Attorney's Office, the U.S. Attorney's Office for the S.D. of Florida, FBI special agents posted to that Florida USAO, and the U.S. Secret Service in 2018 and 2019 that ultimately yielded the current indictment. Zeitlin is required to file his motion to compel both sealed and *ex parte*, because he relies in large part on documents from his federal civil lawsuit against Bank of America – all of which were designated "confidential" by the Bank under the Nevada District Court's protective order. *Id.*, ¶ 19.

18. Zeitlin's motion to compel is a serious motion that required many months of comparative document review and analysis. Zeitlin's defense team brought the motion on as expeditiously as possible, and it portends additional discovery disclosures that also strongly counsel the trial continuance requested herein. *Id.*, ¶ 20.

19. This motion is not being made to unduly delay the trial of this case or for any other illegitimate reason. It is necessitated by the facts, events, and circumstances surveyed above. It also bears noting that Mr. Zeitlin remains in pretrial custody at MDC Brooklyn, and he is understandably loath to delay the disposition of this case. Nevertheless, undersigned counsel has discussed the necessity of this trial continuance personally with Mr. Zeitlin at MDC, and Zeitlin has authorized its filing. *Id.*, ¶ 21.

## ARGUMENT

District courts have "a great deal of latitude in scheduling trials." *United States v. Griffiths,* 750 F.3d 237, 241 (2d Cir. 2014) (quoting *Morris v. Slappy,* 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983)). Thus, "trial courts enjoy very broad discretion in granting or denying trial continuances." *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013) (citation omitted). The appellate standard of review of a trial court's refusal to grant a continuance is an abuse of discretion, and the Court of Appeals "will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *Id.* (citations and internal quotation marks omitted). "A defendant must show 'both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance.'" *Id.* at 128 (quoting *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010)).

Whether a continuance is appropriate in a particular case depends on the facts and circumstances of that case. *Ungar v. Sarafite,* 376 U.S. 575, 589–90, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964); *United States v. Ellenbogen*, 365 F.2d 982, 986 (2d Cir. 1966) (noting that there is "no mechanical test" for determining when the denial of a continuance constitutes an abuse of discretion). This Court has recognized the following factors when evaluating a request for a continuance:

> (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether the defendant has other competent counsel prepared to try the case, including the consideration of whether other counsel was retained as lead or associate counsel; (7) whether denying the continuance will result in identifiable prejudice to the defendant's case, and if so, whether the prejudice is of a material or substantial nature; (8) the complexity of the case; and (9) other relevant factors which may appear in the context of any particular case.

*Marrant v. Breslin*, 2010 U.S. Dist. LEXIS 49233, 09 Civ. 4964 (LTS)(MHD), at *22 (S.D.N.Y., Jan. 22, 2010) (quoting *Childs v. Herbert*, 146 F. Supp. 2d 317, 323 (S.D.N.Y. 2001)).

Here, the relevant factors all weigh strongly in favor of granting Zeitlin's second continuance request. First, the request is for an additional several months of trial preparation in an extraordinarily complex case with highly voluminous discovery, in a case that was indicted only one year ago. Second, Mr. Zeitlin has sought only one previous trial continuance in this case. Third, the requested continuance will not inconvenience the parties or the contemplated witnesses. Regarding the Court's calendar, this motion is made two months before the trial is scheduled to commence, and the defense has come to the Court as soon as it became clear the defense could not be competently prepared under the current timelines. Fourth, Zeitlin's motion to compel discovery is a serious motion that portends the disclosure of additional discovery, and he brought that motion on as expeditiously as possible, given the very substantial discovery review and comparative document analysis required.

Fifth, the delays in Zeitlin receiving his discovery drives, although regrettable, were due to no fault of his or any lack of his defense team's diligence. Sixth, Defendant Zeitlin would be substantially prejudiced without the requested additional time to complete his discovery review and convey his analysis, comments, and observations to his defense team for integration.

Moreover, as surveyed above, Zeitlin needs to perform his personal discovery review to make informed decisions regarding his "trial risk" versus a plea agreement resolution, and to make an informed decision about whether he will testify at trial – a decision within his sole province.

The foregoing facts and circumstances also amply demonstrate that the ends of justice served by a several-month continuance fully outweigh the best interests of the public and the Defendant to a speedy trial, and Defendant Zeitlin hereby expressly acknowledges that by making this continuance request he has waived any and all rights to a speedy trial he may have enjoyed under the Speedy Trial Act.

Federal criminal defendants enjoy both constitutional and statutory speedy-trial rights. In assessing a defendant's right to a speedy trial under the Sixth Amendment, courts consider four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Howard*, 443 F. App'x 596, 599 (2d Cir. 2011) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Meanwhile, "[t]he Speedy Trial Act requires that a trial begin within seventy days of indictment or initial appearance, whichever is later." *United States v. Bursey*, 801 F. App'x 1, 2 (2d Cir. 2020) (citing 18 U.S.C. § 3161(c)(1)). "Time may be excluded, however, for various reasons, including the filing of pretrial motions and continuances in the interest of justice." *Id.* (citing 18 U.S.C. § 3161(h)(1)(D), (7)(A)).

As pertinent here, under the Speedy Trial Act's "ends of justice" provision, a trial judge may exclude "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "This provision gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. United*

9

*States*, 547 U.S. 489, 499 (2006). In considering an "ends of justice" continuance, a trial court considers the four non-exhaustive statutory factors within 18 U.S.C. § 3161(h)(7)(B).

Furthermore, the Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). This exclusion is automatic, *United States v. Pikus*, 39 F.4th 39, 52 (2d Cir. 2022), and it occurs regardless of whether the motion actually caused or was expected to cause delay of a trial, *Howard*, 443 F. App'x at 599 (discussing *United States v. Tinklenberg*, 563 U.S. 647, 660 (2011)). Moreover, the Speedy Trial Act further excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

In sum, Defendant Zeitlin has automatically excluded time due to his pretrial motions, and the ends of justice will be served by a several-month continuance for the reasons described above, including but not limited to the complexity of this case and to allow Defense counsel the reasonable time necessary for effective preparation for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv).

**WHEREFORE**, for all the foregoing reasons, Zeitlin respectfully requests an order granting this motion to continue the trial date to February 3, 2025, or thereafter at the Court's calendaring convenience.

Respectfully submitted on August 22, 2024

                                        **THE BERNHOFT LAW FIRM, S.C.**
                                        Attorneys for Defendant Richard Zeitlin

                                        /s/ Robert G. Bernhoft
                                        Robert G. Bernhoft, Esq.
                                        Appearing *pro hac vice*

                                        1710 W. 6th Street
                                        Austin, Texas 78703
                                        Telephone: (512) 582-2100
                                        Facsimile: (512) 373-3159
                                        rgbernhoft@bernhoftlaw.com