

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278*

August 23, 2024

**BY ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Richard Zeitlin</u>, 23 Cr. 419 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter in opposition to: (i) the defendant's extraordinary request to file his motion to compel discovery (presumably directed at the Government) *ex parte* in its entirety (Dkt. 85); and (ii) the defendant's second request to adjourn trial for several months until February 2025 or later (Dkts. 86-88). As set forth below, there is no basis to seal the defendant's motion in its entirety—never mind withhold it from the Government—and a trial adjournment of several months is not warranted.

**I.  The Court Should Deny the Defendant's Request to File His Motion *Ex Parte* and Under Seal In Its Entirety**

      There is no basis for the defendant to file his motion under seal in its entirety or withhold it from the Government. The defendant's claim that he is simply seeking to abide by two protective orders rings hollow given that he has failed to take reasonable steps to file at least portions of his motion publicly or, at a minimum, under seal. Consistent with the adversarial process, the Government should be afforded the opportunity to review and respond to the defense's arguments. *See, e.g.*, *United States v. Harris*, 707 F.2d 653, 662 (2d Cir. 1983) ("[O]ur legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, ex parte hearings 'are manifestly conceptually incompatible with our system of criminal jurisprudence.'" (citing cases)).[1] And, consistent with the presumption in favor of public access to judicial documents, sealing

---

[1] The defense indicated to the Government that it planned to file a motion to compel the Government to produce certain materials based on the defense's theory that there was a "joint investigation" of the defendant conducted by the prosecution team in this matter and another prosecuting office. As the Government communicated to the defense by letters dated January 5, 2024, and June 6, 2024, the prosecution team in this matter "did not conduct its investigation of the defendant jointly with any of the prosecution teams assigned to the investigations [raised by the defendant], including the U.S. Attorney's Office for the Southern District of Florida, the U.S. Attorney's Office for the District of Nevada, or the United States Secret Service," nor did the prosecution team conduct its investigation jointly with Bank of America.

and/or redactions to publicly filed copies of the defendant's motion must be narrowly tailored. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Accordingly, the defendant's request to file his motion *ex parte* should be denied, and he should be ordered to provide, at a minimum, a redacted copy of his motion to the Government. Each of the defendant's arguments in support of *ex parte* filing are discussed in turn.

First, the defense contends that his motion should be filed *ex parte* because eight of his (at least 30) exhibits were designated as protected under the protective order entered in this criminal matter. (Dkt. 85-1 ¶ 6). These documents, however, were produced *by the Government to the defendant*, and so there is no basis whatsoever to file these documents, or discussion of these documents, *ex parte*. The defense, moreover, declined to confer with the Government about these exhibits prior to their filing. On August 21, 2024, approximately 17 minutes after the defendant filed its (corrected) *ex parte* request at 5:17 p.m., the Government asked the defense to provide Exhibits R, Y, AA, BB, CC, DD, X, and Z. Upon reviewing the exhibits, the Government promptly informed the defense at approximately 6:27 p.m. (70 minutes after the defense's filing) that the Government consented to the public filing of these documents. There is thus no basis to withhold any discussion relating to these exhibits from the Government, and the Court should order that any arguments or discussion relating to these exhibits be disclosed to the Government immediately and/or publicly filed.

Second, it appears that seven of the defense's exhibits were marked "Confidential" pursuant to a protective order entered in the District of Nevada in or about 2019 (the "DNV Protective Order") in connection with a civil lawsuit that the defendant and his various entities filed against Bank of America. (*See* Dkt. 85-1 ¶ 5; Dkts. 85-2, 85-3 (defense attachments relating to the protective order in *Zeitlin et al. v. Bank of America, N.A.*, 18 Civ. 1919 (RFB) (BW) (D. Nev.))). On or about October 10, 2023, the defendant's lawsuit was dismissed with prejudice upon the parties' stipulation. (Dkts. 277, 278). Undermining the defendant's claims that he seeks *ex parte* filing to comply with the DNV Protective Order, it appears that the defendant has already violated its terms. (Dkt. 85-2, Ex. A ¶ 4 (providing that "[a]ll documents, transcripts, or other materials subject to this Order . . . shall not be used, directly or indirectly, by any person, including the Parties . . . for any purpose whatsoever other than solely for the preparation and trial of this action."); *id.* ¶ 14 (providing that "[w]ithin sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment . . . shall be returned to the producing Party" or "the parties may agree to destroy the documents.")).

And here, again, based on the civil docket, it does not appear that the defendant sought relief from the District Court of Nevada prior to filing his *ex parte* request or conferred with Bank of America to determine if he may publicly file these documents or, at a minimum, provide them to the Government in this criminal case.[2] The defendant has been in possession of discovery from his civil lawsuit against Bank of America for years, and he has been in possession of his exhibits from the Government since September and October of 2023. The defendant's failure to take

---

[2] On August 21, 2024, the Government asked the defense if it had conferred with Bank of America or sought relief from the District Court of Nevada. On August 22, the defense informed the Government that it was "following up" with Bank of America.

reasonable steps in order to publicly file his motion (or a redacted copy of his motion) does not justify a secret, *ex parte* proceeding.[3]

Third, there are at least 15 exhibits that are not purportedly subject to any protective order for which the defendant provides no basis to withhold from the Government or the public (assuming the defendant has used a traditional exhibit numbering system). The Court should order these exhibits, and discussion relating to these exhibits, to be disclosed immediately to the Government and/or publicly filed.

Finally, setting aside documents relating to either protective order, the Government is highly skeptical that the *entirety* of the defendant's motion to compel must be filed *ex parte* and/or under seal. For example, the description of the motion (*i.e.*, what the defendant is seeking to compel the Government to disclose) does not warrant *ex parte* or sealed treatment, particularly given that, should the Court grant the motion, the Government would have to be advised as to what it would be compelled to produce. Likewise, discussion of the case's procedural history, background relating to the underlying charges and discovery productions, applicable law or the discussion of cases, and/or conclusions, inferences, or arguments made by the defense that do not quote or reference specific documents do not warrant *ex parte* or sealed treatment. The Court should not entertain the defendant's wholesale attempt to withhold his motion from the Government and the public.

Based on the foregoing, the Court should order the defense to provide the Government with, at a minimum, a redacted copy of his motion to compel either immediately (if the motion has already been filed *ex parte*) or at the time the motion is filed.

## II. The Court Should Deny the Defendant's Request for a Trial Adjournment of Several Months

The Government opposes the defense's second request for a trial adjournment until 2025. The defendant argues that a trial adjournment is needed because he has not reviewed discovery. Delays in the defendant's discovery review, however, have been largely of his own making. And even assuming the defense sends discovery to the defendant by August 30, 2024 (as represented by the defense), the defendant will still have seven weeks to review discovery prior to the current trial date of October 21, 2024. A trial adjournment is thus not warranted. If the Court's calendar permits an adjournment of four to six weeks, however, as a courtesy to the defense, the Government would not oppose such an adjournment.

By way of background, the defendant first raised issues with respect to his access to discovery on January 2, 2024, in connection with his renewed bail motion. (Dkt. 58; *see also* Dkt. 63). The Government did not oppose the defendant's request for an order directing the Metropolitan Detention Center ("MDC") to permit the defendant to access his own laptop, provided by the defense, to review discovery, or the defendant's first request for a trial adjournment. (Dkts. 63 at 1; 76 at 1). Despite the defendant's complaints, he waited until March 2024 to submit a request for a laptop order to the Court, and did not provide a laptop to the

---

[3] Oddly, the defendant asks this Court to effectively invalidate the DNV Protective Order, and simultaneously bind the Government to its terms. (Dkt. 85-4 (defendant's proposed order at 2-3)).

Government until April 2024. After confirming that the laptop was "air-gapped," per MDC's requirements, on April 23, 2024, the Government advised the defense that it would send the laptop to the MDC, and mailed the laptop to the MDC the following day. The Government understands that it was not until June 2024 that the defense sent the defendant discovery on two hard drives, and the defendant did not try to access his laptop or his discovery until in or about July 2024. In July 2024, after learning from the defense that the defendant had not yet asked for or used his laptop at the MDC, the Government contacted the MDC to inquire as to the status of the defendant's discovery. The MDC confirmed that it had received the defendant's laptop from the Government, but noted that it had not received any hard drives from the defense. The MDC ultimately found the hard drives,[4] but the drives did not meet the MDC's requirements with respect to size and detachable parts. On July 24, 2024, the Government provided the defense with website links to drives that meet the MDC's requirements. It is now August 23, 2024, and the defense has not yet sent a new discovery drive to the MDC.[5] The defense anticipates that it will send a discovery drive to the defendant by August 31, which would afford the defendant seven weeks to review discovery prior to the current trial date. *See United States v. Bankman-Fried*, S6 22 Cr. 673 (LAK), Dkt. 278 at 2-3 (explaining that the defendant was represented by a substantial team of retained lawyers and "no represented defendant . . . has a constitutional or other right to inspect every bit of discovery" (citing cases)).

Notwithstanding the above, as a courtesy to the defense, the Government does not object to a trial adjournment of approximately four to six weeks (*i.e.*, to begin trial at a time between November 18, 2024, and December 2, 2024), if the Court's trial calendar so permits. The Government's position is based in part on recent discussions initiated by the defense regarding the

---

[4] According to the MDC, the drives were delivered without a cover letter or marking indicating that they were for the defendant. As a result, according to the MDC, the MDC was unable to identify the intended recipient of the drives and inform the intended recipient about the issue with the drives. The defense disputes the MDC's representation and asserts that the drives were sent with a cover letter. Ultimately, this question of fact is immaterial.

[5] The Government offered to copy discovery onto drives for the defendant. The defense declined the Government's offers and informed the Government it was doing so because the defense has selected certain materials for the defendant to review and does not want to disclose those selections to the Government.

4

potential for a pretrial resolution.  The Government opposes any further adjournment of the trial date, including if the Court's calendar does not permit a trial adjournment of four to six weeks.[6]

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

                By:   /s Jane Kim
                      Jane Kim
                      Emily Deininger
                      Rebecca T. Dell
                      Assistant United States Attorneys
                      (212) 637-2038 / 2472 / 2198

cc:     Defense Counsel (by ECF)

---

[6] The Government will be prepared to proceed to trial on any date set by the Court.  For purposes of continuity of counsel, however, the Government notes that two of the undersigned Assistant U.S. Attorneys ("AUSAs") and the case agents on this matter are assigned to a matter with a January 6, 2024, trial date, and all three of the undersigned AUSAs are assigned to a matter with a March 10, 2024, trial date (although it is possible that this trial date may be adjourned).