**THE BERNHOFT LAW FIRM, S.C.**

# Memo Endorsed

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

August 21, 2024

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/2024

**Via ECF and Hand Delivery**

    Re:    United States v. Zeitlin, 23 Cr. 419 (LAK)
              Defendant's Motion to File Motion to Compel Discovery and for a Rule 17(c)
              Subpoena to Issue to Bank of America Under Seal and *Ex Parte*

To the Honorable Judge Kaplan:

    Defendant Richard Zeitlin ("Mr. Zeitlin") hereby requests leave to file the above-referenced documents under seal and *ex parte* because, as detailed below, the motion relies in substantial part on exhibited documents that are subject to two separate protective orders – one issued in this case covering discovery produced by the government, and another issued in civil litigation between Mr. Zeitlin and Bank of America. Given the necessary reliance on the documents, it is also impractical to redact the motions in any feasible manner.

    Mr. Zeitlin is filing the motion to compel under seal and *ex parte* solely because of the restrictions imposed by the protective orders discussed herein, and not because of any intention to have his motion heard and/or decided absent the ordinary adversarial process. Thus, Mr. Zeitlin does not object to the Court exercising its supervisory power to make the documents covered by the protective order in the federal Nevada lawsuit available to the government provided the government is bound by the terms of that protective order.

    The Government is aware that this filing is being made *ex parte* and Zeitlin's position that he can't share it with them at this time due to the protective order.

**Basis for Filing Under Seal:**

    Defendant Zeitlin's motion to compel discovery and for issuance of a Rule 17(c) subpoena to Bank of America relies in very substantial part on documents the government disclosed in this case variously designated as "sealed" or "Attorney's Possession Only" ("APO")[1]; and documents designated as "confidential" under a protective order in Mr. Zeitlin's federal

---

[1] *See United States of America v. Richard Zeitlin,* Case No. 1:23-cr-00419-LAK (Doc. 18) (the Court-issued Protective Order in this criminal case.)

1

<u>Memorandum Endorsement</u>                                     <u>United States v. Zeitlin, 23-cr-0419 (LAK)</u>

Defendant moves for leave to file, under seal and *ex parte,* a motion to compel discovery and for a Rule 17(c) subpoena, ostensibly on the ground that some of the exhibits to and discussion in the motion are documents that were obtained from Bank of America in an action in Nevada that are subject to a protective order in the Nevada action (the "Nevada Documents"), and that others are discovery material subject to a protective order in this case (the "Discovery Documents").

*The Discovery Documents*

The Discovery Documents and any discussion thereof do not justify any *ex parte* treatment. The government presumably produced them to the defendant and in any case has a right to access to them and to any discussion of them.

Whether the Discovery Documents and any discussion thereof in defendant's proposed filing should be restricted from public access is another question. Before filing anything, defense counsel should have discussed this issue with the government. It is reasonably likely that the parties can agree on whether and what should be restricted.

*The Nevada Documents*

Defendant's presentation with respect to the Nevada Documents raises more questions that it answers.

First, the purported protective order attached to defendant's letter motion (Dkt 85-2) in fact is a proposed stipulated protective order that was not signed by a judicial officer. Rather, the proposed order that the parties filed in Nevada was modified by the magistrate judge in material respects and adopted as modified. *Zeitlin v. Bank of America, N.A.,* No. 18-cv-191, Dkt 43 (D. Nev. filed Oct. 29, 2019). (The cited case hereinafter is referred to as the "Nevada Action.")

Second, neither the proposed protective order nor the modified version that ultimately was adopted states that the restrictions imposed survive the termination of the litigation, which occurred on October 10, 2023. Nevada Action Dkt 278. Accordingly, it is at least arguable that the Nevada Documents no longer are subject to the Nevada order. And this draws support from the fact that the order actually adopted in the Nevada Action makes abundantly clear that the court had made no determinations as to whether any material that the parties designated as confidential in fact was sensitive or otherwise deserving of protection. Any party receiving such material had the right to request the producing party to withdraw the designation and, if withdrawal were not given, to force the producing party to justify the designation to the court. There is no evidence before me that defendant in this action made any effort to obtain Bank of America's consent to the public use of the documents that defendant wishes to use here or, failing such consent, to litigate the justification for Bank of America's position in the Nevada court.

2

\* \* \*

The foregoing does not exhaust the problems with defendant's premature and otherwise flawed application. For the present, the application is denied without prejudice to a renewed application after defendant fully exhausts the possibilities for resolution of his purported confidentiality restrictions.

SO ORDERED.

Dated:   August 25, 2024

_____
Lewis A. Kaplan
United States District Judge