UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>RICHARD ZEITLIN,<br><br>   Defendant. | 23-cr-419 (LAK) |

### DEFENDANT RICHARD ZEITLIN'S REPLY IN SUPPORT OF
### HIS SECOND MOTION TO CONTINUE THE TRIAL DATE

**COMES NOW** Defendant Richard Zeitlin ("Zeitlin"), by and through his counsel of record, Robert G. Bernhoft, Esq., and hereby respectfully files this reply in support of his motion to continue the current trial date of October 21, 2024 for several months, to a trial date certain on or after February 3, 2025, or thereafter at the Court's calendaring convenience, and to move all other pretrial hearings and deadlines in proportional accordance with the trial continuance sought.

### ARGUMENT

Defendant's opening memorandum surveyed the relevant case law and argued that each of the applicable *Marrani* factors counseled in favor of granting a four-month continuance until February 3, 2025. (Dkt. 87, pp. 6-9.) In response the Government makes two arguments. First, that delays in Defendant's discovery review are largely of his own making. *Id.*, p. 3. Second, that a continuance is unnecessary because the Defendant and his defense team still have ample time (seven weeks) to conduct an adequate discovery review, even assuming the Court finds the delay was not in fact self-induced as the Government claims. *Id*. Neither argument has merit.

1

I.  **The Prosecution Variously Ignores or Glosses Over Critical Facts in Suggesting the Need for a Continuance is Defendant's Fault.**

First, the government's response ignores the critical fact the Government disclosed approximately 79GB of discovery data just two weeks ago, on August 15, 2024. Referred to by the Government as "the full Skype returns," this large dataset (approaching one-tenth of a Terabyte) appears to consist of data culled from one or more of Zeitlin's devices that were seized and imaged during the court of the search warrant executions, including extensive Skype message threads and Internet search query histories. (Declaration of Robert G. Bernhoft, hereinafter "Bernhoft Decl.", ¶ 3.) The Government believes this information was previously disclosed *en masse* in a bulk, undifferentiated earlier production, but isn't certain about which earlier production. *Id.*, ¶ 4. In any event, the defense's initial survey of these documents has revealed evidence that is central to the charges against the Defendant and his defense, and therefore requires careful review. *Id.*, ¶ 5. Moreover, given that Zeitlin's own communications and Internet activity feature large in this production, he is uniquely positioned to review and meaningfully comment on context and meaning in service of his own defense.

The defense team, which consists of experienced attorneys, paralegals, and document reviewers, will necessarily need to expend significant resources not only reviewing a production of this size, but also integrating relevant materials into the defense strategy – along with Zeitlin's review comments upon his receipt of the discovery drives being shipped to him shortly at MDC. *Id.*, ¶ 6. Under the current trial schedule, it simply isn't possible that the defense team and Zeitlin could complete a competent review of this new discovery and integrate those materials prior to trial even with the application of all reasonable diligence. *Id.*, ¶ 7. This fact alone warrants a continuance of the current trial date of October, 21, 2024.

Second, the Government has presented no competent evidence showing that delay was Defendant's fault in any way. The actual facts are developed in Defendant's memorandum and defense counsel's corroborating declaration, both of which are based on first-hand knowledge of the operative facts. (Dkt. 87, pp. 4-6.) Therein, defense counsel described in chronological detail the painstaking efforts it expended to prepare the external discovery drives for Zeitlin's review, including: the initial copy failures; the need for "folder-by-folder" data copying; the deployment of a competent IT professional to resolve the technical problems encountered; and the MDC's apparent misplacement of the two external discovery drives. *See id.* As presaged in Zeitlin's opening memorandum, the defense team has expedited the time-consuming data copy function and is on schedule to ship the drives to MDC by tomorrow (Friday, August 30, 2024). *Id.*, ¶ 8. Although the defense is hopeful there is no repeat of the "drive misplacement" problem previously encountered, sufficient time should be afforded for Zeitlin's discovery review, and the requested trial continuance affords that reasonable time.

In response, the Government concedes that key facts regarding the proper shipment of rule-conforming hard drives are in dispute: "The defense disputes the MDC's representation and asserts that the drives were sent with a cover letter." (Dkt. 90, p. 4 and n. 4.) It bears noting that MDC ultimately conceded that a transmittal letter was likely included – the defense emailed MDC and the Government with a copy of the transmittal letter and the FedEx proof of delivery – with MDC observing it could not ascertain when the cover letter "became separated from" the drive package. *Id.*, ¶ 9.

Nevertheless, in challenging the core facts concerning the hard drive shipment and the reasons underlying MDC's misplacement of those drives, the Government presents no competent evidence to dispute defense counsel's version of the underlying facts. The Defendant's version

3

must stand unchallenged – a rendition that was both accurate and fair. Accordingly, the government has presented no plausible basis for its unsupported charge of lack of diligence or that the delays in Defendant's securing access to the critical hard drives was in any way self-induced. Consequently, this assertion fails to even get out of the box.

Finally, the government's lone citation to authority has no relevance to the case at hand. Citing to *United States v. Bankman-Fried*, the Government relies on the Court's conclusion there that "no represented defendant . . . has a constitutional or other right to inspect every bit of discovery." (Dkt. 90, p. 4). The citation completely misses the mark. Zeitlin is not asking to inspect every bit of discovery. He is requesting a fair and reasonable opportunity to review and comment on the relevant discovery for his defense team's integration into his defense – including substantial material that Zeitlin alone can provide the necessary context and history. It is essential to adequate defense preparation that Zeitlin review, analyze, and comment on the discovery, particularly given the multi-year timeframe and historic nature of the offense conduct going back to 2017. (Dkt. 87, pp. 5-6.) In many cases, Zeitlin is the only person who can provide contextual information on those historic events and circumstances, including review and comment on relevant company and personal interactions with multiple other individuals, companies, and organizations – including numerous contemplated trial witnesses. Accordingly, any reliance on *Bankman-Fried* is misplaced.

**II.     The Requested Trial Continuance is both Reasonable and Necessary to Ensure Zeitlin has a Fair Opportunity to Review Relevant Discovery.**

In the alternative, the Government contends that even if the Defendant's factual recitations are completely accurate and that the delays occurred through no fault of Defendant, no continuance is warranted because the Defendant will still have seven weeks to review the external hard drives. (Dkt. 90, p. 3). Nevertheless, it grudgingly agrees to a qualified four-to-six-

week continuance but only if the Court's schedule permits. *See id.*, pp. 4-5. With all respect to opposing counsel, the Government's implied assumption that a four-to-six-week continuance is fully adequate is both long on speculation and short on facts.

Although Defendant's review of the relevant discovery is central to his defense, neither side can know when Zeitlin will receive the critical hard drive evidence – given previous issues with the drive shipment to the MDC – or how much calendar time Zeitlin will need to review discovery within the ambit of MDC's inmate access to discovery laptops and drives. Moreover, the defense team will necessarily require additional time to coordinate with Defendant and integrate Defendant's review into a sound and coherent trial strategy, and must do so while simultaneously reviewing the recent substantial discovery production that contains core evidence.

## CONCLUSION

In light of all the relevant facts and circumstances, Defendant's proposed four-month continuance is both eminently reasonable and necessary to ensure adequate discovery review and trial preparation.

Respectfully submitted on August 29, 2024

**THE BERNHOFT LAW FIRM, S.C.**
Attorneys for Defendant Richard Zeitlin


 /s/ Robert G. Bernhoft
Robert G. Bernhoft, Esq.
Appearing *pro hac vice*

1710 W. 6th Street
Austin, Texas 78703
Telephone: (512) 582-2100
Facsimile: (512) 373-3159
rgbernhoft@bernhoftlaw.com