**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/30/24

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD ZEITLIN,

    Defendant.

23-cr-419 (LAK)

---

### DEFENDANT'S NOTICE OF
### SECOND MOTION TO CONTINUE THE TRIAL DATE

PLEASE TAKE NOTICE that, upon the accompanying Memorandum and supporting Declaration, Defendant Richard Zeitlin hereby respectfully moves to continue the trial date in this matter several months, from October 21, 2024, to a date on or after February 3, 2025. As amplified in the accompanying memorandum of law, the grounds for this motion are: (1) Zeitlin's inability to date to review discovery and thereupon participate in his defense preparation while in pretrial custody in MDC; and (2) Zeitlin's motion to compel discovery and request for issuance of a subpoena *duces tecum* to Bank of America, and the substantial additional discovery disclosures that motion portends.

Memorandum Endorsement                              United States v. Zeitlin, 23-cr-0419 (LAK)

      Defendant again moves to postpone the start of his trial — which originally was set to have commenced on April 2, 2024 (Dkt 63, Dkt 67) but previously was postponed at defendant's request until October 21, 2024 — until February 3, 2025 or later. (Dkt 86) Defendant contends that the delay is necessary so that he can adequately review the discovery already provided in this case, and so that he can file a motion to compel additional discovery and request for issuance of a subpoena *duces tecum* to Bank of America, which if granted allegedly would require additional time to review.[1] The government disputes the need for any change in the trial date but, as a matter of courtesy, would not object to a postponement of four to six weeks if that would be convenient for the Court. It emphatically opposes the continuance requested by defendant and has alerted the Court to scheduling conflicts with other trials in January and March 2025.[2]

      District courts "have broad discretion to schedule hearings and to grant or to deny continuances in matters before them."[3] Among other factors, the Court must consider the length and context of the continuance request and balance its own trial calendar alongside the interests and convenience of the parties, witnesses, and counsel.[4]

      Here, the balance of factors does not permit a continuance of the October 21, 2024 trial date. Most importantly, the Court *already* has granted a request from defendant to continue the trial,[5] delaying it by more than six months and building its schedule around the new October 21, 2024 start

---

[1] Dkt 87 (Def. Mem.) at 1, 8-10.

[2] Dkt 90 (Gov. Opp.) at 3-5.

In its opposition, the government actually alerted the Court to potential conflicts with other trials scheduled in January and March 2024, not 2025. *Id.* at 5 n.6. The Court understands this to be a typo, as any trials that occurred in early 2024 would not pose a conflict now.

[3] *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006).

[4] *See, e.g., Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances . . . ."); *United States v. Cicale*, 691 F.2d 95, 106-07 (2d Cir. 1982) (noting that the district judge "had to balance his own trial calendar and duties on the appellate court against the schedule of another judge as well as the interests of the original five defendants and their individual counsel. He had already yielded twice on his preferred choice of a trial date and had accommodated these factors as best he could in what was admittedly a difficult situation for all concerned."); *Childs v. Herbert*, 146 F. Supp. 2d 317, 323 (S.D.N.Y. 2001) (citing *United States v. Burton*, 584 F.2d 485, 490 (D.C. Cir. 1978)) (listing factors for district court judges to consider).

[5] Dkt 67.

2

date. Now, the Court's own calendar and the schedules of the assistant U.S. attorneys handling this matter do not allow for a second rescheduled trial date until April 2025 at the earliest, nearly 20 months after defendant was indicted and one year after the trial was initially set to commence. Such further delay would be inconvenient, disruptive, and unwarranted.

As an initial matter, defendant's claimed difficulties and delay in accessing and reviewing discovery in large part have been of his own making. Despite having received the vast majority of discovery materials (roughly 2.6 terabytes' worth of documents) in October 2023,[6] defense counsel did not raise any concerns to the government until January 2024, and did not until March 2024 request authorization from the Court for a special laptop on which defendant, who is incarcerated, could review discovery.[7] After the Court approved defendant's request on April 5, 2024, defense counsel did not ship the required discovery hard drives to the Metropolitan Detention Center ("MDC") until June 7, 2024 due to "technical issues." Even then, the drives that defense counsel provided were not compliant with MDC requirements and could not be used.[8] As of the latest information provided to the Court, defense counsel still had not sent the new drives to the MDC.

Second, it is not at all clear that the material furnished to defendant since the prior postponement was granted was substantial, at least in relative terms, or, indeed, even material. The government has produced at least 3 terabytes of data,[9] the overwhelming majority of which was produced by the middle of November 2023.[10] The data produced since the last trial postponement was granted, according to defendant, is 89 gigabytes.[11] That would constitute only 2.9 percent of the total ESI produced by the government, even accepting defendant's contention of the quantity of data the government has produced. Hence, even from an exclusively quantitative viewpoint, the government's production over the many months since the last trial postponement was granted would seem to be relatively small. But that is not the only thing to be said.

Defendant's moving papers are devoid of any description of the 89 gigabytes of data produced since January. They contain no discussion of the kind of data, whether it duplicated in whole

---

[6] Dkt 87 (Def. Mem.) at 3-4.

[7] Dkt 80.

[8] Dkt 87 (Def. Mem.) at 4-5.

[9] The qualification "at least" is included because the defendant has listed a production by the government on November 15, 2023 of a 20 terabyte drive but has not included whatever was on that drive in its claimed total of 3 terabytes of data produced by the government. Dkt 88 (Bernhoft Dec.), ¶ 5.

[10] *Id.*

[11] *Id.*

3

or in part previous productions, and why it cannot be reviewed in the remaining weeks before the scheduled start of the trial. Defendant for the first time touched on such matters in his reply, stating that the government has represented that its August 15, 2024 production contains "the full Skype returns" and that these — whatever they are, a matter unexplained by the defendant — according to defendant, are "central to the charges . . . and . . . require[] careful review.[12] But this production is said to amount to approximately 79 gigabytes,[13] which is only 2.6 percent of the total ESI produced. And apart from conclusory assertions, the Court has no basis upon which to conclude that "careful review" of these materials cannot be accomplished in the time remaining before trial.

Defendant is represented by a qualified team of lawyers, all of whom have been able to access and review the majority of discovery materials for nearly ten months now. They appear to be perfectly capable of preparing a defense on his behalf and with his cooperation, especially bearing in mind that defendant "has [no] constitutional or other right to inspect every bit of discovery."[14] Moreover, sight cannot properly be lost of the fact that the defense has been very slow to proceed with examining the vast bulk of the total discovery that has been fully available to them for many, many months.

Accordingly, defendant's second motion to continue the start of his trial (Dkt 86) is DENIED.[15]

SO ORDERED.

Dated:    August 30, 2024

                                                                Lewis A. Kaplan
                                                           United States District Judge

---

[12] Dkt 94 (Bernhoft Dec.), ¶¶ 3, 5.

[13] Dkt 93 (Def. Reply Mem.) at 2.

[14] *United States v. Bankman-Fried*, No. 22-cr-673, Dkt 278 at 2-3 (collecting cases).

[15] The Court notes also that a postponement until mid-November or early December, in light of the estimated length of this trial, would involve threatened disruption of prospective jurors' Thanksgiving or Christmas holidays, or both, thereby making jury selection uncommonly troublesome. Additionally, it would involve threatened interference with the start of a multi-defendant trial, likely involving some witnesses from Europe, that long has been scheduled to begin on January 7, 2025.