LAW OFFICES OF
# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS
—
AMY E. GREER

ACHARA AMY SCHRODER
*Paralegal*

March 6, 2025

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Richard Zeitlin*,
                   23 Cr. 419 (LAK)

Dear Judge Kaplan:

      This letter is respectfully submitted on behalf of Richard Zeitlin, defendant in the above-entitled matter, and whom Robert G. Bernhoft, Esq., and I represent therein. For the reasons set forth below, Mr. Zeitlin objects to the government's request for an adjournment of the March 10, 2025, deadline for submitting a Schedule of Victims ("Schedule") with respect to restitution pursuant to 18 U.S.C. §3663A in connection with the Consent Order of Restitution ("Consent Order") issued by the Court at Mr. Zeitlin's December 10, 2024, sentencing (ECF # 106).

      Mr. Zeitlin does *not* contest the Consent Order. However, the government's eleventh-hour presentation of the Schedule requires counsel to object to the government's request for an adjournment, and the Schedule itself, for the following reasons:

(1)    while the March 10, 2025, deadline for the Schedule was set at Mr. Zeitlin's December 10, 2024, sentencing, the government waited 85 days to provide the Schedule to defense counsel, who received it yesterday afternoon. The Schedule includes 1,976 entries, rendering it impossible to perform any meaningful review

LAW OFFICES OF  
**DRATEL & LEWIS**

Hon. Lewis A. Kaplan  
United States District Judge  
Southern District of New York  
March 6, 2025  
Page 2 of 3

      before Monday's deadline. That does not constitute sufficient notice.[1] Moreover, the Schedule spreadsheet was emailed in encrypted form, and counsel has been unable to view the details of the spreadsheet as a result. Under these circumstances, it is respectfully submitted that an adjournment would not be appropriate. It is the government's obligation to provide the information in advance of the 90-day deadline, and it is the government's burden to establish each victims' entitlement to restitution. *See* §3664(e) ("[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government"). The government has failed to provide sufficient time in advance of the deadline for review of the Schedule, and that is a problem entirely of the government's own making;

(2)      Mr. Zeitlin is currently in transit en route to his designated Bureau of Prisons facility. As a result, counsel will not be able to confer with him regarding review of the Schedule, and/or his ultimate position on it in its entirety or with respect to specific entries. The same is true with respect to the request for an adjournment. Restitution is an integral part of sentencing; imposing punishment (even if it is regarded as "remedial") without affording the defendant an opportunity to examine the bases for the Court's decision (or even to discuss the Schedule with counsel) would deny Mr. Zeitlin Due Process guaranteed by the Fifth Amendment. Again, the compression of the time to accomplish what would be necessary is solely the fault of the government. As a result, it is respectfully submitted that an adjournment should not be granted;

(3)      presently, counsel is not authorized to consent to an adjournment or the Schedule, and given Mr. Zeitlin's current unavailability, will likely not be able to discuss the

---

[1] While §3664 does not provide a specific notice provision for post-sentencing proceedings, §3664(d)(1) directs that "not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution." In turn, pursuant to §3664(d)(2), "[t]he probation officer shall, prior to submitting the presentence report under subsection (a), to the extent practicable – (A) provide notice to all identified victims of" the offense of conviction. Also, §3664(d)(5) provides that "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." Thus, interpolating these related notice provisions establishes that the government has failed to provide sufficient notice of the Schedule in advance of the 90-day deadline.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
March 6, 2025
Page 3 of 3

matter with him before Monday. Thus, the government's wholly avoidable delay requires counsel to object.

As noted above, the objections set forth in this letter do not contest the Consent Order entered pursuant to §3663A However, for the reasons set forth above, counsel for Mr. Zeitlin is compelled on his behalf to object to the Schedule, which is a separate matter covered by §3664, and any adjournment of the March 10, 0225, deadline.

Respectfully submitted,

Joshua L. Dratel

JLD/