LAW OFFICES OF
# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK  10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                                                  ACHARA AMY SCHRODER
—                                                                                                                    *Paralegal*
AMY E. GREER

March 7, 2025

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *United States v. Richard Zeitlin*,
         23 Cr. 419 (LAK)

Dear Judge Kaplan:

  This letter is respectfully submitted on behalf of Richard Zeitlin, defendant in the above-entitled matter, and whom Robert G. Bernhoft, Esq., and I represent therein, and responds to the government's letter filed this morning (ECF # 114).

  In arguing that "[t]ellingly, the defendant lodged his objection by email before even reviewing the Schedule of Victims ["Schedule"]," the government curiously puts the cart before the horse, suggesting that the defense should have endorsed the Schedule *before* having an opportunity to review it.  That defies both effective practice and common sense.  Also, the government provided the Schedule – a spreadsheet with 1,976 entries – only yesterday afternoon, thereby depriving Mr. Zeitlin and counsel any meaningful opportunity for comprehensive, substantive review before Monday.

  In addition, as noted in my letter yesterday (ECF # 113), counsel is not in a position to consent to the Schedule (or even to seek an adjournment, even if that was in his interest).  Mr. Zeitlin is *in transit* in government custody, and during that period he is unavailable to us.  Adjourning the matter until he has reached his designated facility and again has access to communications (usually only after several days of processing, in my experience) would only reward the government for its dilatory conduct.  Moreover, even if Mr. Zeitlin were presently available, the notion that counsel could have a substantive conversation covering the 1,976 entries – should Mr. Zeitlin so choose, as is his right – between last night and Monday is fanciful.

<table>
<tr><td>LAW OFFICES OF<br><b>DRATEL & LEWIS</b></td><td>Hon. Lewis A. Kaplan<br>United States District Judge<br>Southern District of New York<br>March 7, 2025<br>Page 2 of 2</td></tr>
</table>

    Again, as set forth in my letter yesterday, it is the government's obligation to provide the Schedule in a timely manner, and it has failed to do so. Nor has the government provided *any* rationale, much less good cause, to excuse its material delay.

    Accordingly, counsel is compelled on Mr. Zeitlin's behalf respectfully to object to adoption of the Schedule. Since this letter and my letter yesterday present Mr. Zeitlin's position in full, the defense does not see any need for a court appearance Monday, March 10, 2025. Of course, if the Court maintains that appearance on the calendar, I will be present.

                                                        Respectfully submitted,

                                                        Joshua L. Dratel

JLD/